LeRoy SNYDER, Appellee,

v.

**ALLAMAKEE COUNTY, Iowa; Neil Becker, Sheriff of Allamakee County, Iowa; Leo Berns; Eugene Berns; and Richard Berns, Appellants.**

No. 86–32.

Supreme Court of Iowa.

March 18, 1987.

Marion L. Beatty of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellants Leo Berns, Eugene Berns, and Richard Berns.

Larry J. Cohrt and Jay P. Roberts of Swisher & Cohrt, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Defendants in this replevin action appeal from a district court ruling sustaining plaintiff's motion to strike and expunge an order setting aside a default judgment entered against them. We affirm.

The relevant facts are not disputed. March 17, 1982, plaintiff LeRoy Snyder filed a petition against Allamakee County; its sheriff, Neil Becker; and Leo, Eugene, and Richard Berns (collectively Berns) seeking immediate possession of a 1978 Buick Regal (or its value) plus damages. The county and its sheriff answered Snyder's petition. Berns, however, neither appeared nor answered.

May 17, 1982, district court entered a default judgment against Berns that awarded Snyder $6980 in full satisfaction of his claim. May 25, 1982, Berns filed a motion to set aside the May 17 default judgment. Berns acknowledged receiving original notice of Snyder's petition but alleged excuses for failing to appear and answer. June 7, 1982, district court denied Berns' motion.

Thirty-seven days later, Berns filed a "Motion to Reconsider Overruling of Motion to Set Aside Default." A hearing was held July 19, 1982, before Senior Judge Dale S. Missildine in which both parties were represented. At that time the court orally rejected the motion and requested Snyder's counsel to prepare an appropriate order.

Immediately following the hearing and after Snyder's attorney left the courtroom, the court, at the request of counsel who then represented Berns, allowed Berns in chambers to explain personally his failure to appear and answer. Based upon this *ex parte* conversation, Judge Missildine reversed his earlier ruling and set aside the default judgment.[1] July 30, 1982, he

---

1. This bizarre procedure was an apparent violation of the Iowa Code of Professional Responsibility for Lawyers, EC 7–35; DR 7–110(B), and

signed and filed an order to that effect. Judge Missildine then wrote a letter to Snyder's attorney, detailing what had occurred and apologizing to him for "changing my ruling in your absence."

August 10, 1982, Snyder filed a motion to reconsider this July 30 order and to reinstate the default judgment. District court, without further hearing, denied Snyder's motion.

August 9, 1985, the clerk of court notified Snyder his petition would be dismissed by operation of law on January 1, 1986, if not tried or continued prior to that date. *See* Iowa R.Civ.P. 215.1. In response, Snyder, on October 9, 1985, filed a motion to strike and expunge from the record the July 30, 1982, district court order setting aside the default judgment. Snyder alleged district court was without authority to enter that order and the order thus was void and without effect. Snyder took the position that the May 17, 1982, default judgment stood as a final enforceable decree.

Following a hearing the district court, on January 6, 1986, granted Snyder's motion. Three days later Berns filed this appeal.

Berns asserts two grounds for reversal. First, Berns asserts the January 6, 1986, order was itself a nullity because it was entered after January 1, when an automatic 215.1 dismissal would be triggered. Second, Berns argues that regardless of rule 215.1, Snyder, by his delay, waived any challenge to the July 30, 1982, order.

■ I. Controlling in this appeal is the validity of the July 30, 1982, order purporting to set aside the default judgment previously entered in favor of Snyder. If that order was valid, Snyder's petition was dismissed by operation of rule 215.1 on January 1, 1986. *See Doland v. Boone County,* 376 N.W.2d 870, 872–73 (Iowa 1985). If the July 30, 1982, order was entered without authority, however, the May 17, 1982, default judgment stands as the final judgment in Snyder's action and there was

the Iowa Code of Judicial Conduct, Canon

nothing that could be tried, continued, or dismissed under rule 215.1.

■ It is undisputed that the May 17, 1982, default judgment entered against Berns was a final judgment. In Iowa, a final judgment is a judgment that conclusively determines the rights of the parties and is finally decisive of the controversy. *See Davenport Bank & Trust Co. v. City of Davenport,* 318 N.W.2d 451, 453 (Iowa 1982); *Poulsen v. Russell,* 300 N.W.2d 289, 293 (Iowa 1981). If a judgment is final, not only is a right of appeal created, Iowa R.App.P. 1, 5(a), but, absent timely postjudgment motions, district court has no power or authority to return the parties to their original positions, *Robco Transportation, Inc. v. Ritter,* 356 N.W.2d 497, 499 (Iowa 1984); *Lyon v. Willie,* 288 N.W.2d 884, 886 (Iowa 1980); *Shoemaker v. City of Muscatine,* 275 N.W.2d 206, 208 (Iowa 1979); *Jensen v. Jensen,* 260 Iowa 371, 377, 147 N.W.2d 612, 616 (1967).

■ Here, the default judgment against Berns conclusively resolved the claim asserted. Not only was default noted but judgment was entered and damages compensating Snyder were awarded. *See Davenport Bank & Trust Co.,* 318 N.W.2d at 453. Although district court's judgment did not address the liability of Allamakee County or its sheriff, the substance of the ruling evidenced the district court's clear intent to adjudicate Berns wholly and solely liable for Snyder's loss. The May 17, 1982, default judgment clearly was intended to be and was in fact a final judgment. *See Loudon v. Hill,* 286 N.W.2d 189, 191 (Iowa 1979).

Because the default judgment entered against Berns was a final judgment, district court's power to proceed further was at an end, subject only to an appropriate and timely post-judgment motion properly filed. *See Lutz v. Iowa Swine Exports Corp.,* 300 N.W.2d 109, 112 (Iowa 1981).

■ Berns' first post-judgment motion was a timely-filed motion to set aside the default judgment. *See* Iowa R.Civ.P. 236.

3(A)(4).

Berns' motion restored district court's power and authority over the controversy to the extent that for good cause shown the default judgment could be set aside. Filing of this motion, however, did not affect the finality of that judgment or the running of the time for filing an appeal. *See* Iowa R.Civ.P. 236; Iowa R.App.P. 1, 5(a).

June 7, 1982, district court denied Berns' rule 236 motion. At that time, Berns could have appealed two district court rulings. First, because thirty days had not passed since default judgment was entered, Berns could have appealed that judgment. *See* Iowa R.App.P. 5(a). Second, Berns could have appealed the denial of his motion to set aside the default judgment, asserting district court abused its discretion in denying the motion. *See Whitehorn v. Lovik,* 398 N.W.2d 851, 853 (Iowa 1987); *Williamson v. Casey,* 220 N.W.2d 638, 639–40 (Iowa 1974).

■ Berns, however, appealed neither ruling. Rather, thirty-seven days later, after the appeal time had expired, Berns filed a motion to reconsider the June 7, 1982, order. Examining the substance of Berns' motion, we conclude the motion was intended to be an Iowa Rule of Civil Procedure 179(b) motion. *See Gold Crown Properties, Inc. v. Iowa District Court,* 375 N.W.2d 692, 700 (Iowa 1985). Such motions may be addressed to a district court order rejecting a rule 236 motion, *First National Bank in Lenox v. Claiser,* 308 N.W.2d 1, 2–3 (Iowa 1981), but must be filed within the time allowed for filing a motion for new trial, Iowa R.Civ.P. 179(b). Motions for new trial generally must be filed "within ten days after the verdict, report or decision is filed." Iowa R.Civ.P. 247.

■ Here, Berns' rule 179(b) motion was filed well beyond the ten-day time limit of rule 247. The district court therefore had no power or authority to address the merits of the motion. Consequently, its order granting the motion was void and had no effect on Snyder's default judgment. *See Doland,* 376 N.W.2d at 875–76; *Robco,* 356 N.W.2d at 499 & n. 2; *Wederath v. Brant,* 287 N.W.2d 591, 595 (Iowa 1980); *In re Adoption of Gardiner,* 287 N.W.2d 555, 559 (Iowa 1980); *Lamp v. Guth,* 183 N.W.2d 674, 677–78 (Iowa 1971).

II. The alternative argument advanced by Berns merits only brief discussion. Berns contends Snyder's failure to attack district court's 1982 order for three years estops him from doing so now. We disagree.

■ Here, district court had no power or authority to set aside Snyder's final default judgment. The order it entered was void and of no effect, and could not be resuscitated by consent, waiver, or estoppel. Snyder could challenge the ruling at any time. *See State v. Ryan,* 351 N.W.2d 186, 187–88 (Iowa 1984); *Wederath v. Brant,* 287 N.W.2d 591, 595 (Iowa 1980); *Bowen v. Story County Board of Supervisors,* 209 N.W.2d 569, 572 (Iowa 1973); *Dimmitt v. Campbell,* 260 Iowa 884, 888, 151 N.W.2d 562, 565 (1967). *But see In re Marriage of Ivins,* 308 N.W.2d 75, 77 (Iowa 1981) (indicating attack based on lack of *personal* jurisdiction must be raised within reasonable time or may be barred). District court properly sustained Snyder's motion and struck as void its earlier order overturning the default judgment entered against Berns.

AFFIRMED.