**Doug DOLEZAL d/b/a Dolezal Farm Supply, Appellee,**

v.

**Bockes Brothers Farms, Inc. and Richard Bockes, Defendants,**

and

**Roger BOCKES and Robert Bockes, Appellants.**

No. 98–890.

Supreme Court of Iowa.

Nov. 17, 1999.

Ronald J. Pepples, Parkersburg, for appellants.

Dennis D. Applegate, Toledo, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

LAVORATO, Justice.

The defendants, Roger Bockes and Robert Bockes, appeal from an order of default and default judgment. They contend the order and judgment were erroneously entered because the plaintiff, Doug Dolezal, had not given them the required notice in Iowa Rule of Civil Procedure 231(b) (1998). Rule 231(b) became effective before Dolezal filed his demand for default. Therefore, the decisive issue is whether rule 231(b) applied to Dolezal's demand for default. We hold that it did, and therefore reverse and remand with directions.

### I. Background Facts and Proceedings.

The following facts are undisputed. On December 31, 1997, Doug Dolezal sued Bockes Brothers Farms, Inc., Roger Bockes, Richard Bockes, and Robert Bockes in district court. The petition was in two counts. Count I was against Bockes Brothers Farms, Inc. and alleged that the defendant corporation purchased agricultural feed from Dolezal on open account. The petition claimed that, as of

November 1, 1997, the total amount due on open account including interest was $28,814. Dolezal asked for judgment against Bockes Brothers Farms, Inc. in the amount of $28,814 together with interest and costs.

Count II was against Roger Bockes, Richard Bockes, and Robert Bockes in their individual capacity. In this count, Dolezal realleged the allegations of count I. In addition, Dolezal alleged that the defendant corporation had been dissolved and the assets distributed to the individual defendants. Dolezal also alleged that the individual defendants should be held liable for the $28,814 because the defendant corporation was merely the alter ego of the individual defendants who were its sole shareholders. Dolezal asked for judgment against the individual defendants in the amount of $28,814 together with interest and costs.

All of the defendants were personally served with the original notice and petition. Service on all the defendants was made before January 24, 1998, the date the amendment to Iowa Rule of Civil Procedure 231 went into effect. *See* In re Amendments to the Iowa Rules of Civil Procedure (Supervisory Order) (Dec. 5, 1997). Iowa Rule of Civil Procedure 231 provides in pertinent part:

(a) **Entry.** If a party not under legal disability or not a prisoner in a reformatory or penitentiary is in default under R.C.P. 230(a) [fails to serve, and within a reasonable time thereafter file, a motion or answer as required in R.C.P. 53 or 54] or (b) [withdraws a pleading without permission to replead], the clerk, shall enter the party's default in accordance with the procedures set forth below without any order of court. All other defaults shall be entered by the court.

(b) **Application.** Requests for entry of default under rule 231(a) shall be by written application to the clerk of the court in which the matter is pending. *No default shall be entered unless the application contains a certification that written notice of intention to file the written application for default was given after the default occurred and at least 10 days prior to the filing of the written application for default. A copy of the notice shall be attached to the written application for default. If the certification is filed, the clerk on request of the adverse party, must enter the default of record without any order of court.*

(Emphasis added.) The amendment added all of the language in subsection (b). The former rule therefore did not require notice before a party filed an application for default. No notice as required by rule 231(b) was mailed to the defendants.

On February 5 Dolezal filed a "demand for entry of default" under Iowa Rule of Civil Procedure 230(a). In his demand, Dolezal alleged that the defendants had not served, and within a reasonable time thereafter filed, a motion or answer within twenty days of service of the original notice as provided in Iowa Rule of Civil Procedure 53. On February 9 district judge James C. Bauch, rather than the clerk as rule 231(a) specifies, entered default against all the defendants and set a hearing on damages for February 23. The court's order directed the clerk to send copies of the order to the defendants.

Richard Bockes was the only defendant to personally appear at the February 23 hearing. Following the hearing, district judge Todd A. Geer entered judgment against the defendant corporation in the amount of $28,814 together with interest and costs. However, the judge found it was unclear whether personal judgment should be entered against the individual defendants and reserved this question for a future hearing at Dolezal's request. Copies of this order were mailed to the individual defendants.

Richard Bockes appeared pro se at the subsequent hearing held on April 20. Roger and Robert Bockes appeared by counsel. No one appeared on behalf of the

defendant corporation. Following the hearing, district judge George L. Stigler entered judgment in favor of Dolezal and against the individual defendants, jointly and severally, in the amount of $28,814 together with interest and costs. Apparently, the judge entered the default judgment summarily without taking any evidence.

None of the defendants filed a motion to set aside the default or default judgment under Iowa Rule of Civil Procedure 236. Only Roger and Robert Bockes appealed.

On appeal, the defendants, Roger and Robert Bockes, contend the district court erred in entering the February 9 default and the April 20 default judgment against them when Dolezal had not followed the procedure under rule 231(b). Dolezal seeks to uphold the default order and default judgment on three grounds: (1) the notice requirement in rule 231(b) did not apply to his demand for default because the amendment was substantive rather than procedural, (2) fairness dictates that the rule should not be applied to his demand for default, and (3) the defendants failed to file a motion to set aside the default and default judgment under rule 236.

## II. Whether Rule 231(b) Applied to Dolezal's Demand for Default.

■ Dolezal filed his demand for default after rule 231(b) went into effect. Dolezal did not give the defendants the required notice of his intent to seek a default, and his demand for default did not certify that he had given such notice. Rule 231(b) is clear that both conditions must be met before a default may be entered.

The defendants admit Dolezal's action against them accrued before rule 231(b) became effective. Nevertheless, they argue the rule applied to Dolezal's demand for default because the rule is procedural rather than substantive. Not surprisingly, Dolezal argues the rule is substantive, and for that reason, the rule did not apply to his accrued cause of action.

■ The legislature may not extinguish a right of action that has already accrued to a claimant. *Thorp v. Casey's Gen. Stores, Inc.*, 446 N.W.2d 457, 461 (Iowa 1989). A cause of action accrues when an aggrieved party has a right to institute and maintain a lawsuit. *Id.* at 460. When a cause of action has accrued, the party owning the action has a vested interest in it. *Id.*

■ New legislation that takes away a cause of action, which previously existed either through legislation or the common law or creates new rights, is substantive legislation. *Id.* at 461. Because substantive legislation cannot extinguish vested rights, such legislation can only operate prospectively.

■ Legislation dealing only with procedure prescribes a method of enforcing rights or obtaining redress for their invasion. In short, procedural legislation provides the machinery for carrying on a lawsuit. *Schultz v. Gosselink*, 260 Iowa 115, 118–19, 148 N.W.2d 434, 436 (1967).

■ In contrast to substantive legislation, procedural legislation applies to all actions—those that have accrued or are pending and future actions. *Bascom v. Iowa Dist. Ct. of Cerro Gordo County*, 231 Iowa 360, 363, 1 N.W.2d 220, 221 (1941). The rationale for the rule that procedural legislation applies to all actions is that no one can claim to have a vested right in any particular mode of procedure for the enforcement or defense of the party's rights. *Id.*

The law regarding substantive versus procedural legislation applies with equal force to our rules of civil procedure. *Anderson v. Goodyear Tire & Rubber Co.*, 259 N.W.2d 814, 817–18 (Iowa 1977). Our task then is to determine whether rule 231(b) relates to substantive or procedural law.

Rule 231(b) prescribes the method by which one party to a lawsuit may seek

entry of a default against the other party: by giving the required ten-day written notice before seeking the default and by filing with the application for default the required certification that the notice was given. The rule neither takes away causes of action that previously existed nor creates new rights. We conclude the rule is procedural rather than substantive.

Because rule 231(b) became effective before Dolezal filed his written demand for default, the rule applied to the demand. Thus, Dolezal had to comply with the notice and certification requirements. It is undisputed that Dolezal did not comply with these requirements. The district court was therefore without authority to enter the order of default and the subsequent default judgment against the defendants.

### III. The Fairness Argument.

■ Dolezal's first fall-back position is that we should view the defendants' failure to file an answer or motion before appealing to our court as "their clear intention to ignore the case entirely and remain in default." Because of this failure, Dolezal insists that in fairness we should not apply rule 231(b) to his demand for default.

In support of his position, Dolezal points to our decision in *Central National Insurance Co. of Omaha v. INA,* the catalyst for the rule change. 513 N.W.2d 750, 757 (Iowa 1994). In *Central,* we suggested a rule that notice be given before a default is taken to make our default rule "more fair and consistent." *Id.* We believed such a rule would avoid having to determine pursuant to Iowa Rule of Civil Procedure 236 whether the default resulted from a "bungle," constituting excusable neglect, or from a party's intention not to defend. *See id.* at 756. In the former but not the latter case, the district court under a four-part test could set aside a default. *Id.* Dolezal now suggests that under all the circumstances fairness dictates we should not apply rule 231(b) to him because the

defendants clearly have shown they did not intend to defend.

The short answer to Dolezal's argument is that the distinction between defendants who do not defend because of excusable neglect and those defendants who simply do not intend to defend is irrelevant on the question whether rule 231(b) applies. The rule plainly provides that "no default shall be entered" unless the ten-day notice is given before the application for default is filed. The rule makes no distinction between excusable neglect and an intention not to defend. In addition, the rule does not require an answer or motion by the party against whom the default is sought. And we will not read such a requirement into the rule.

Dolezal's fairness argument is inconsistent with the purpose underlying rule 231(b). Rule 231(b) is intended to ·flush out the real reason why a defendant has not responded to an original notice. If there truly is a "bungle," a ten-day notice is a reasonable vehicle to alert the defendant to the mistake and to prompt a response. If there is no response, the plaintiff can reasonably assume that the defendant does not intend to defend and can then proceed to take a default.

### IV. The Defendants' Failure to File a Motion to Set Aside the Order of Default and Default Judgment.

■ Dolezal's second fall-back position is that we should uphold the district court rulings because the defendants did not file a motion to set aside the default and the default judgment pursuant to Iowa Rule of Civil Procedure 236 before appealing to our court.

Rule 236 provides:

On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for *mistake, inadvertence, surprise, excusable neglect, or unavoidable*

*casualty.* Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. *Its filing shall not affect the finality of the judgment or impair its operation.*

(Emphasis added.)

 As its language implies, rule 236 is not an appropriate method of correcting the irregularity that occurred here. The irregularity was the court's entry of a default and a default judgment contrary to a rule of civil procedure. None of the grounds in rule 236—mistake, inadvertence, surprise, excusable neglect or unavoidable casualty—covers this irregularity. The grounds—mistake, inadvertence, and excusable neglect—imply conduct by the defaulting party that relieve that party from the default. Surprise and unavoidable casualty imply events outside of the control of the defaulting party that relieves the party from the default.

██ Additionally, a party seeking to have a default set aside under rule 236 must assert a claim or defense in good faith. *Central Nat'l Ins. Co.,* 513 N.W.2d at 756. There is no such requirement in rule 231(b). In fact, this requirement is inconsistent with the mandate in rule 231(b) prohibiting the entry of a default unless the required ten-day notice is given and the written certification that such notice was given is filed.

Moreover, because the default judgment was a final judgment, the defendants had to appeal or risk having in force a valid judgment against them. *See* Iowa R.App. P. 1 (providing that all final judgments may be appealed); Iowa R.App. P. 5(a) (providing that all appeals must be taken within thirty days from the entry of the judgment); Iowa R. Civ. P. 236 (providing that a motion to set aside a default judgment does not affect the finality of the judgment); *Snyder v. Allamakee County,* 402 N.W.2d 416, 418 (Iowa 1987) (holding that a default judgment is a final judgment).

## V. Disposition.

In sum, we hold that rule 231(b) applied to Dolezal's demand for default. The district court therefore erroneously entered the default and default judgment when Dolezal had not given the prescribed notice in rule 231(b) and had not otherwise complied with the rule before the default and default judgment were entered. The defendants' failure to file an answer or motion does not change our conclusion that rule 231(b) applied here. Under the circumstances, the defendants correctly appealed and were not required to file a motion to set aside the default and default judgment. We reverse and remand to allow Dolezal to give the required notice pursuant to rule 231(b) and for further appropriate proceedings.

**REVERSED AND REMANDED WITH DIRECTIONS.**