# IN THE COURT OF APPEALS OF IOWA

No. 14-1370
Filed November 25, 2015

**CRYSTAL M. BLANCHARD,**
    Plaintiff-Appellant,

**vs.**

**JEFFREY A. HOUDEK,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Floyd County, Christopher C. Foy, Judge.

Crystal Blanchard appeals the order dismissing her actions against Jeffrey Houdek. **REVERSED AND REMANDED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, L.L.P., Charles City, for appellant.

Richard N. Tompkins Jr., Mason City, for appellee.

Heard by McDonald, P.J., and Mahan, S.J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Crystal Blanchard appeals the order granting Jeffrey Houdek's motion to dismiss her property claims on res judicata grounds. She contends the court abused its discretion in setting aside the default judgment entered against Houdek. She further contends the court erred in determining her claims were precluded by a prior action seeking an adjudication of property interests that was dismissed on the ground the court lacked subject matter jurisdiction.

## I.     BACKGROUND FACTS AND PROCEEDINGS.

Blanchard and Houdek are the parents of two minor children. Although they were never married, the parties lived together for a period of approximately eight years, during which they purchased several vehicles, a boat, a camper, and other personal property. Houdek additionally purchased real estate in his name alone.

In October 2009, Blanchard filed a petition in Worth County, asking the court to determine issues of child custody and support, as well as an equitable division of "[t]he real property and personal property acquired during the relationship between the parties and the debts incurred during that period of time." Houdek disputed the court's authority to divide the property. In the custody order entered in December 2010, the court stated it did not have authority to divide property accumulated by unmarried persons based upon cohabitation and Blanchard failed to timely assert or show an alternative legal basis for a property division, "including theories of contract, unjust enrichment, resulting or constructive trust, or joint venture."

Blanchard appealed from the court's determination it lacked authority to divide the property. This court affirmed the district court because "the court made a clear ruling that it did not have subject matter jurisdiction under our constitution or statutes, and because a separate legal theory, which would provide subject matter jurisdiction, was neither pleaded nor raised." *Blanchard v. Houdek*, No. 11-0057, 2011 WL 6664975, at *1 (Iowa Ct. App. Dec. 21, 2011).

In July 2012, Blanchard initiated the current action in Floyd County. She filed a petition for replevin of certain personal property and a second petition that alleged she was entitled to a one-half interest in real estate purchased by Houdek, who was personally served the day after the petitions were filed.

On August 7, 2012, Houdek's counsel contacted Blanchard's counsel to request a one-week extension of time to respond, which Blanchard's counsel agreed to. On September 17, 2012, Blanchard's counsel emailed Houdek's counsel to inquire about the status of Houdek's representation and the answer. Then, on October 27, 2012, Blanchard's counsel sent Houdek's counsel a notice of intent to file an application for default. The attached letter from Blanchard's counsel states: "You have indicated several months ago that you wanted an extension of time to answer the lawsuits and have not done so."

Houdek's counsel filed an appearance in the matter on November 5, 2012. On the same date, Houdek's counsel faxed Blanchard's counsel the appearances with a note that states, "My secretary's computer died with no current backup. We have been scrambling. Thank you for your patience. I need a little more."

On December 20, 2012, having received no answers from Houdek, Blanchard applied for default judgments from the court. One week later, the district court entered an order granting default and setting a hearing to determine Blanchard's damages for February 25, 2013.

Houdek's counsel appeared at the February 25, 2013 hearing and filed a motion for leave to file an answer, as well as Houdek's answer. He also filed a motion to set aside default, alleging Blanchard's claim was precluded by the court's determination Blanchard was not entitled to damages in the case filed in Worth County. The motion further states he "failed to raise these matters due to excusable neglect or unavoidable casualty" due to counsel's secretary losing the hard drive of her computer without a backup. The court granted the motion to set aside default.

The case was submitted to the court in January 2014. In a July 24, 2014 order, the district court determined that Blanchard was precluded from bringing the current action because her claim could have been fully and fairly adjudicated in the Worth County action. Blanchard appeals the order, which dismissed her petitions on this basis. She challenges the setting aside of defaults and the dismissal of her petitions.

## II.  MOTION TO SET ASIDE DEFAULT JUDGMENT.

Blanchard first contends the district court abused its discretion in setting aside the default judgment. She argues Houdek failed to plead or prove good cause to set it aside. We review the court's ruling for an abuse of discretion. *See Cent. Nat'l Ins. Co. v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994).

Generally, an abuse of discretion is found only when substantial evidence does not support the district court's ruling. *Id.* "We are bound by the district court's findings of fact if supported by substantial evidence, and we view the evidence in the light most favorable to the district court's ruling." *Id.* We are more reluctant to interfere with an order granting a motion to set aside default than we are its denial. *Id.* at 754.

Iowa Rule of Civil Procedure 1.977 provides: "On motion and for good cause shown, . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Here, Houdek bore the burden of proving good cause. *See id.* "Good cause" is "something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect"; rather, it is a sound, effective, truthful reason. *Dealers Warehouse Co. v. Wahl & Assocs.*, 216 N.W.2d 391, 394 (Iowa 1974). The party seeking to set aside default must show "his failure to defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention." *Id.* at 394-95. Rather, the moving party "must show affirmatively he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake or excusable neglect failed to do so." *Id.* at 395. If the party seeking to set aside default "has ignored plain mandates in the rules with ample opportunity to abide by them," the default will not be vacated. *Id.*

The district court found it was "clear" that Houdek intended to defend the case, citing his counsel's contact with Blanchard's counsel in August 2012 and counsel's appearance prior to the application for entry of default. It further found

Houdek's defense of claim preclusion was asserted in good faith and that the defense appeared "plausible." The court thereby concluded Houdek's failure to file an answer "may stem from the confusion and surprise in light of the prior case, not willful ignorance or defiance." The court also noted Blanchard "suffered little prejudice" by granting the motion because subject matter jurisdiction may be raised at any time and "[i]t is unlikely that the relationship between the Worth County case and this case would have gone completely unnoticed." Based on "the special circumstances of this case," the court set aside the default judgment, holding it would be "remiss" to award Blanchard damages "in a case that has already been fully adjudicated in [Houdek]'s favor."

Blanchard argues that in its order setting aside default, the court indicates mistake by Blanchard or the court regarding the ability to litigate the claim was good cause for setting aside default. She asserts nothing in rule 1.977 allows a finding of good cause for setting aside default based on mistake by the opposing party or the court. We agree. Rule 1.977 lists the specific reasons for which a court may set aside default. An irregularity by the court in entering default contrary to a rule of civil procedure is not grounds for relief under the rule 1.977. *Dolezal v. Bockes*, 602 N.W.2d 348, 353 (Iowa 1999). "Mistake" implies conduct by the defaulting party that relieves that party from the default. *Id.* Even assuming the result of the Worth County case precluded the current claims, Blanchard's error in filing the causes of action or the district court's error in entering default in her favor does not amount to good cause that relieves Houdek of his obligation to answer. Therefore, the court abused its discretion in setting aside default on this basis.

Our inquiry does not end here. "We will uphold the district court's ruling even when the court has made no findings of fact or based its ruling entirely on a different ground." *Cent. Nat'l Ins. Co.*, 513 N.W.2d at 753-54. We may affirm on any proper ground that appears in the record. *Langner v. Mull*, 453 N.W.2d 644, 647 (Iowa 1990). Although he did not advance the argument to this court, Houdek alleged below the default should be set aside for "excusable neglect or unavoidable casualty" because "[his counsel]'s secretary's computer hard drive died without any backup in place." No further argument was made. At oral argument, counsel indicated he could not recall the precise amount of time it took to recover from this loss, though he estimated it took approximately one month.

In determining whether to set aside a default judgment for excusable neglect, the court must consider the following factors:

> (1) whether the defaulting party actually intended to defend; (2) whether the defaulting party asserted a claim or defense in good faith; (3) whether the defaulting party willfully ignored or defied the rules of procedure or was the default simply the result of the mistake; and (4) whether relief is warranted should not depend on who made the mistake.

*Sheeder v. Boyette*, 764 N.W.2d 778, 781 (Iowa Ct. App. 2009). In considering the third factor, we note willful and defiant conduct "goes beyond negligent or careless conduct." *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 585 (Iowa 1999). Rather, it indicates the defaulting party showed a deliberate intention to ignore and resist any adherence to the rules. *Id.* Conduct approaching gross neglect or willful procrastination will not be excused, nor will conduct amounting to no care or no attention. *Id.*

Houdek failed to show excusable neglect.  He was personally served with notice of the property actions the day after they were filed in July 2012. Houdek's counsel indicated an intention to answer in August 2012 and again in November 2012, when he filed an appearance.  Still, no answer was filed, even though Blanchard had given Houdek notice of her intent to file an application for default.  It was not until February 25, 2013, the day the damages hearing was to be held, that Houdek filed a responsive pleading.  This occurred more than two months after default was entered and more than eight months after Blanchard filed her petitions.  This neglect or delay, which indicates a deliberate intention to ignore the rules, is not excusable.

Because Houdek failed to show good cause, the trial court abused its discretion in setting aside default.  Accordingly, we reverse the order setting aside default and remand for a hearing on damages.  This obviates the need to address the propriety of dismissing the petitions on claim-preclusion grounds.

**REVERSED AND REMANDED.**