# IN THE COURT OF APPEALS OF IOWA

No. 24-0493
Filed July 23, 2025


**CHAMPION CONTRACTORS & SERVICES-COMMERCIAL, LLC,**
  Plaintiff-Appellant,

**vs.**

**DIMENSIONS SENIOR LIVING, d/b/a VILLAGE PLACE, LLC, DIMENSIONS IN SENIOR LIVING d/b/a VILLAGE RIDGE, LLC, TAPESTRY SENIOR LIVING OF MARION, LLC, VILLAGE PLACE, LLC, VILLAGE RIDGE, LLC, and RYAN BURNS,**
  Defendants-Appellees.
_____


        Appeal from the Iowa District Court for Linn County, Elizabeth Dupuich,

Judge.


        A contractor appeals the district court order setting aside a default judgment

against all defendants related to breach of contracts for storm damage restoration

services.  **AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**


        John S. Cutler of Cutler Law Firm, P.C., West Des Moines, for appellant.

        Matthew B. Reilly (until withdrawal) and Raymond E. Walden (until

withdrawal) of Erickson Sederstrom, P.C., Omaha, Nebraska, and Connor W. Orr

of The Orr Law Group, LLC, Omaha, Nebraska, for appellees.


        Considered without oral argument by Greer, P.J., and Langholz and Sandy,

JJ.

**GREER, Presiding Judge.**

On December 22, 2021, Champion Contractors & Services-Commercial, LLC (Champion) filed a lawsuit against several limited liability companies and Ryan Burns.[1]  Champion alleged breach of contracts and sought recovery of damages for storm damage restoration at a property referred to as "The Villages at Marion." There were two written contracts at issue involving Champion: one with Dimensions Senior Living doing business as Village Place, LLC and the other with Dimensions Senior Living doing business as Village Ridge, LLC.  Tapestry Senior Living of Marion, LLC was also listed and identified as the deed holder to the property involved.  The petition referred to Ryan Burns as an "individual[] conducting business" under the LLCs' names.  The office manager for three of the LLCs[2] and the registered agent for Village Place, LLC were served with the original notice and petition.  A process server in Nebraska certified that Burns was served individually and as the registered agent for Village Ridge, LLC by hand delivery on January 31, 2022, at a Nebraska location called Senior Horizons.  None of the Defendants filed an answer to the petition.

On March 9, Champion moved for a default judgment against all Defendants.  On March 10, the district court refused to take further action on the

---

[1] We collectively refer to all the parties sued as Defendants except James Barnett Jr., who was also sued individually at the start of the case.  All claims against Barnett were dismissed without prejudice shortly after the case was filed.

[2] The office manager in Iowa accepted service for Dimensions Senior Living d/b/a Village Place, LLC; Dimensions Senior Living d/b/a Village Ridge, LLC; and Tapestry Senior Living of Marion, LLC.  While some of these LLCs filed for bankruptcy protection, the Nebraska bankruptcy court granted Champion's relief from stay to resolve the motions related to the default judgments.

motion for default judgment, listing a number of deficiencies, including the following:

> There is no service return on file for Defendant Village Ridge[,] LLC. It appears [Champion] may have attempted service on Village Ridge[,] LLC through Defendant Ryan Burns, but the service return does not specify Village Ridge[,] LLC was served through Ryan Burns. Further it appears [Champion] seeks personal judgment against Ryan Burns, but there are no affidavits of his nonmilitary, nonprisoner, nondisability, or nonminor status on file.

Champion responded with an affidavit from counsel correcting the deficiencies noted by the court. And on April 13, the district court directed the clerk to enter the default and set a damages hearing for May 13. The next day, the clerk entered a default against all Defendants. After a hearing, the court entered a default judgment against all of the Defendants, jointly and severally, in the amount of $1,311,143.16 through May 13, 2022, with ongoing interest of 1.5% per month, compounded monthly.

In June, Champion started collection proceedings, including a request to conduct a judgment debtor examination of Ryan Burns. Then in mid-August, Champion moved to amend the petition to add another party, noting that "[s]ince the beginning of this lawsuit, [Champion] and its counsel have received sporadic communication from Defendants and/or their representatives, including through promises of payment, and payment of part of the judgment amount." Champion then asked to add Dimensions in Senior Living, LLC, a Nebraska LLC, as an additional party, but the district court denied the motion because of deficiencies in the pleading.

The case remained dormant until January 6, 2023, when Burns moved to reconsider the default judgment for lack of personal jurisdiction, claiming the

default judgment was void. In April, the Defendants followed with a request to vacate the order of default judgment in April, also pointing to Champion's failure to properly attach the notice of intent to file written application for default to the default documents, which they claimed also made the default judgment void. Following those motions, Champion filed "exhibit A," which purported to be the notice of written intent to seek default with a notice of service to Burns and the other Defendants dated February 22, 2022, asserting it had been sent to the parties but was inadvertently left off the pleading.

In response to these arguments, Champion contended that the Defendants were fully aware of the default proceedings and the resulting default judgment and that Burns, in particular, negotiated payments towards the obligation. Thus, Champion argued, any defect in the process was only technical. Champion also argued that Burns's failure to timely raise his personal jurisdiction challenge amounted to waiver of that defense.

On January 31, 2024, the district court heard arguments over Burns's motion to reconsider default judgment for lack of personal jurisdiction and the Defendants' motion to reconsider and vacate order of default judgment. Burns argued that he was:

> not a party to the contract that [Champion] claims was breached, and he does not have any contacts with Iowa to satisfy minimum due process standards. Defendant Burns also contends that while [Champion] claims to have served him with the Petition and Original Notice, he has no recollection of having received personal service. Defendant Burns also denies receiving a copy of the Motion for Default Judgment filed by Plaintiff. Defendant Burns requests the Court set aside the default judgment entered against him.

The Defendants also asked that the default judgment be set aside, pointing to Champion's failure to "offer adequate proof of mailing of the notice of intent to file written application for default prior to the default judgment being entered."

Champion responded by asserting that "while Defendant Burns did not file an Answer, he was not silent, in that he attempted to negotiate a resolution to the dispute, promised to make certain repayments, and in fact did arrange for payments toward the judgment amount." Likewise, Champion pointed out that Burns did not move to set aside the default judgment for nearly eight months and the other Defendants waited almost eleven months after judgment was entered. As to Burns's personal jurisdiction challenge, Champion also argued that Burns's failure to timely raise his personal jurisdiction defense amounted to waiver. Champion asserted that Burns regularly operated and conducted business in Iowa for years, so there were minimum contacts sufficient to have availed himself of the jurisdiction of Iowa courts.

At the hearing on the motions to set aside the default judgments, Burns testified that his last known personal address for the nine previous years was in Nebraska and was different than the one Champion used in the mailing of the ten-day notice.[3] But he acknowledged that the address used was his business address. He also testified that his role related to the written contracts for restoration work with Champion involved his position as an officer and member in

---

[3] In February 2023, Champion listed the correct last known personal address for Burns on an affidavit in support of foreign judgment. But, when the petition was served, the address used for service on Burns was his Nebraska work address, and on the return of service the process server confirmed personal service at the work address at around 10:05 a.m.

a holding company involving Village Ridge, LLC and Village Place, LLC specifically, and that he had no individual or personal involvement other than in his role with the LLCs. And as for notice of the default judgment, Burns testified he was unaware the judgment was against him personally.

In its February order, the district court granted the motions to set aside the default and the default judgment entries. To reach this result, the district court applied a rule not raised by the Defendants, Iowa Rule of Civil Procedure 1.977.[4] The district court found that the Defendants established "good cause" as there was a "genuine dispute as to whether Defendants were provided with the notice of intent to file written application for default." The district court viewed "this failure to appear as attributable to inadvertence or mistake on the part of Defendants." As to the delay in disputing the default entries, the court reasoned:

> Finally, the Court does not find that Defendants ignored or willfully defied the rules of procedure. Again, it is concerning that Defendants did not respond in any way to the Petition, but the parties have advanced a genuine dispute as to whether Defendants were provided with the notice of intent to file written application for default prior to default and default judgment being entered. Defendants did wait a few months to move to have the default judgment set aside, but it does appear to the Court that Defendants intend to defend against [Champion's] claims, and the lack of proof regarding mailing of the notice of intent to file written application for default supports setting aside the default and default judgment entry. The Court is not persuaded that Defendants ignored or willfully defied the rules of civil procedure, and this factor weighs in favor of Defendants.

---

[4] Rule 1.977 states:
> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

After the district court ruled, Champion did not move to ask the court to correct or reconsider, but instead, filed an interlocutory appeal, which was granted by our supreme court. Champion raises three issues on appeal: (1) the district court erred by applying rule 1.977 to set aside the default judgment "far more than 60 days after judgment entered"; (2) the district court erred by finding "good cause" existed to set aside the default judgment pursuant to rule 1.977 as there was no finding of mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty; and (3) the district court erred by failing to find that Burns waived the right to challenge personal jurisdiction and improper service.

This case peels down to two core issues. First, does the failure to file the notice of written intent to seek default at the time it was served require that the default judgment be set aside? Second, as to Burns only, can he challenge personal jurisdiction at this late date requiring that the default judgment be set aside? We address only issue one as it resolves the appeal.

"Trial courts have broad discretion in ruling on motions to set aside a default judgment. We will set aside such rulings only upon a showing of abuse of discretion." *Newton Mfg. Co. v. Biogenetics, Ltd.*, 461 N.W.2d 472, 473 (Iowa Ct. App. 1990). "We review the interpretation of our rules of civil procedure under a 'correction of errors at law' standard, and thus we conduct our own analysis without deference to the lower court's interpretation." *Lincoln Sav. Bank v. Emmert*, 986 N.W.2d 376, 378–79 (Iowa 2023).

Champion disputes the district court's reliance on rule 1.977 to set aside the default judgments, which the court sua sponte used to support its decision and was not argued below. But the parties relied, in part, on rule 1.972, so we start the

discussion there. *See Dolezal v. Bockes*, 602 N.W.2d 348, 353 (Iowa 1999) ("As its language implies, [now rule 1.977] is not an appropriate method of correcting the irregularity that occurred here. The irregularity was the court's entry of a default and a default judgment contrary to a rule of civil procedure. None of the grounds in rule [1.977]—mistake, inadvertence, surprise, excusable neglect or unavoidable casualty—covers this irregularity."). Rule 1.972 provides the "procedure for entry of default" as follows:

> **1.972(2)** *Application.* Requests for entry of default under rule 1.972(1) shall be by written application to the clerk of the court in which the matter is pending. *No default shall be entered unless the application contains a certification that written notice of intention to file the written application for default was given after the default occurred and at least ten days prior to the filing of the written application for default. A copy of the notice shall be attached to the written application for default.* If the certification is filed, the clerk on request of the adverse party must enter the default of record without any order of court.
> **1.972(3)** *Notice.*
> *a. To the party. A copy of the notice of intent to file written application for default shall be sent by ordinary mail to the last known address of the party claimed to be in default.* No other notice to a party claimed to be in default is required.

Iowa Rule Civ. P. 1.972(2), (3)(a) (emphasis added). We first note that Champion admitted it did not attach the notice of intent to file written application for default to the written application when it was filed on March 9, 2022. Instead, after Defendants raised the failure, Champion filed a copy of the notice on April 27, 2023—over a year later. So, did the failure to attach the ten-day notice to the application amount to an irregularity in the entry of a default and default judgment contrary to a rule of civil procedure?

The long-standing view on default judgments is that they are disfavored. *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021). And we are to

"resolve all doubt on whether a default judgment should be set aside in favor of setting aside the default judgment." *Id.* "We are more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial." *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). Strict compliance with our civil procedure rules related to service have been emphasized in our jurisprudence. *See Lincoln Sav. Bank*, 986 N.W.2d at 383; *Dolezal*, 602 N.W.2d at 352 (concluding failure to comply with the notice provisions of the rule left the district court "without authority to enter the order of default"); *Dimmitt v. Campbell*, 151 N.W.2d 562, 564–65 (Iowa 1967) (requiring strict compliance with the rules).

The dissent offers a different perspective. It reads *Lincoln Savings Bank* to state that a violation of rule 1.972 is not jurisdictional and, thus, these Defendants cannot assert that the judgment is void, pointing to *Van Sloun v. Agans Bros, Inc*., 778 N.W.2d 174, 183 (Iowa 2010). In *Van Sloun*, the supreme court stated that the lack of a statute-required affidavit in an attorney fee request was not jurisdictional and only went to the authority of the court. 778 N.W.2d at 184. Even so, the court observed that under the previous statute, when the affidavit was required to be filed with the petition at the commencement of the case, "an argument may have been made . . . that the affidavit was jurisdictional," but the amendment to the statute made it clear that affidavit now would only speak to the court's authority and not bar the claim. *Id.* So, we understand the confusion over whether the failure to follow rule 1.972(2) makes the judgment void because it divested the court of jurisdiction—not just authority.

To address whether the judgments here are void, we look back at case law that directly addressed the issue. "It is the general rule that where the method of service provided is extraordinary in character and is allowed only because specially authorized and is valid as a means of obtaining jurisdiction the statutory procedure must be strictly followed." *Johnson v. Brooks*, 117 N.W.2d 457, 460 (1962) (citations omitted) (addressing service requirements for a nonresident defendant and finding the omissions "fatally defective," thereby depriving the court of jurisdiction to try the action for damages). In *Dimmitt*, there was a failure of "proof of the required strict compliance with our nonresident motor vehicle statutes" given the service concerns, and the default judgment entered was void for lack of jurisdiction. 151 N.W.2d at 564. *Dimmit* followed *Halverson v. Hageman*, 92 N.W.2d 569, 573 (Iowa 1958), in which the supreme court held that a void judgment need not necessarily be challenged within one year after its rendition. Similar to this case, Halverson failed to follow the specific requirements of the rules of civil procedure related to service and the supreme court found that judgment was taken before Halverson was entitled to it and before jurisdiction over Hageman was acquired. *Halverson*, 92 N.W.2d at 574. The court concluded that there was "such failure to comply with the requirements of the rules that are essential to the court's exercise of jurisdiction to render this judgment void." *Id.* While *Halverson* references that a judgment is "merely voidable if the defects in the notice are mere irregularities which do not prevent its constituting legal notice to defendant," the result there focused on "lack of compliance with essential requirements of the rule," which included the time defendant was required to appear. *Id*. at 573. Thus, we

follow the lead of this precedent and find the court's authority was impacted by the lack of jurisdiction and thus the judgments here are void.

To the dissent's point about dicta in *Lincoln Savings Bank* that the supreme court's adoption of a strict reading of the rule's requirements would not "affect the finality of judgments" as "a judgment entered *before the date of this decision* . . . may be attacked only by an otherwise proper and timely postjudgment motion or appeal," we see that language as a specific directive related to a prospective change in the rule's application.  986 N.W.2d at 383 (emphasis added).  So, we do not understand that language to change previous case law authority without direct reference to doing just that.  And the dissent's reliance on *Snyder v. Allamakee County*, 402 N.W.2d 416, 418 (Iowa 1987) is misplaced because it did not deal with an argument that the statutory requirements for notice in a default judgement situation were not met.

Returning to *Lincoln Savings Bank*, the supreme court confirmed that rule 1.972(2) "requires the application for default judgment include a certification that 'written *notice* of intention to file' the application was given and that 'a copy of the *notice* shall be attached.'"  986 N.W.2d at 381–82 (quoting Iowa R. Civ. P. 1.972(2)).  Because we strictly adhere to the language of the rule—which requires the copy of the notice shall be attached to the written application—we need not consider whether the ten-day notice was in fact mailed at the time referenced in the application as Champion claimed.  While Champion claims in the application for written default that a ten-day notice was sent to each Defendant listed in the case caption, we cannot confirm if that indeed happened as it was not attached to the filing as required by rule 1.972(2).  Because when Champion finally

filed a copy of the purported notice over a year later, the copy filed did not reflect that Champion's counsel confirmed service of the ten-day notice on February 22, 2022, or any other date for that matter. In fact, the signature line on the certificate of service was left unsigned. And the emphasis in *Lincoln Savings Bank* that the 1.972(2) notice "serves as a move-it-or-lose-it warning that the plaintiff intends to ask for a default judgment unless the defendant files a response within ten days" is not lost on our analysis. 986 N.W.2d at 377.

When our rules expressly require a process, the onus is on the party filing the document to comply or risk that, as in this case, the default judgments will be set aside. *See Halvorson v. Bentley,* No. 12-0151, 2013 WL 530949, at *2 (Iowa Ct. App. Feb. 13, 2013) (finding the failure to certify in the application for default that a ten-day notice was sent "contravened an express requirement of rule 1.972(2)" even though a notice had been sent, but not in conformance with the time frame as set out in the rule). "Our rules of civil procedure have the force and effect of statute and are subject to rules of statutory construction." *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) (cleaned up). As with any rule, when interpreting rule 1.972, we do not search beyond the plain terms when its meaning is clear. *See Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). Here, the rule clearly states that the ten-day notice "*shall* be attached to the written application for default." Iowa R. Civ. P. 1.972(2) (emphasis added). And as noted above, failing to comply with the notice provisions of the rule leaves "[t]he district court *without authority* to enter the order of default." *Dolezal*, 602 N.W.2d at 352 (emphasis added).

Finally, we also find Defendants' error-preservation arguments persuasive. First, the Defendants assert that Champion failed to preserve error related to the district court's application of Iowa Rule of Civil Procedure 1.977 or that the reconsideration motions filed by Defendants were untimely pursuant to the language of the rules. *See 33 Carpenters Constr. Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 75 (Iowa 2020) (noting that ordinarily issues must be raised and decided by the district court before they are decided upon appeal). They assert that Champion never challenged their motions made before the district court under the theory that they were untimely, just that Defendants generally waited too long to act, focusing more on a waiver theory. We agree with Defendants on the issue of whether challenge related to rule 1.977 was preserved. And the arguments Champion makes it its appellate briefing on timeliness involving rule 1.972 were not made below to the district court.

In the end, we apply rule 1.972 strictly, which requires that we affirm the district court's ruling setting aside the default and the default judgments and remand for further proceedings. Because Champion's other arguments are now moot, we do not address them.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**

Sandy, J., concurs; Langholz, J., dissents.

**LANGHOLZ, Judge** (dissenting).

If we could reach the issue, I would agree with the majority that the district court lacked authority to enter default against the defendants because Champion Contractors & Services-Commercial, LLC, failed to comply with the requirements of Iowa Rule of Civil Procedure 1.972. But that issue is not properly before us—nor was it properly before the district court. Rule 1.972 alone does not authorize a court to set aside an unappealed final judgment. Once a court enters judgment, violations of rule 1.972 need to be raised in a timely direct appeal of the judgment or a timely and proper post-judgment motion. The defendants did neither. And the district court's attempt to consider the defendants' motion to set aside the default judgment as one under rule 1.977 flouts the text of that rule and precedent interpreting it. Because we cannot jump over these threshold problems, I would reverse the district court's order improperly setting aside the default judgment whether based on rule 1.977 or Champion's noncompliance with rule 1.972.

But that's not quite the end of this appeal. One defendant, Ryan Burns, also sought to set aside the default judgment for lack of personal jurisdiction. Such a challenge is not limited to the same strict deadlines for setting aside a judgment under our rules of civil procedure. Even so, it still must be brought within a reasonable time or any objection to personal jurisdiction is waived. Given the ample evidence that Burns knew about this suit for over a year before bringing his challenge, I would hold that he waived any personal-jurisdiction objection.

And so, the final default judgment against all the defendants should not have been set aside. I would reverse and remand for the district court to reinstate that judgment. As the majority instead affirms, I respectfully dissent.

## I.      Setting Aside a Default Judgment for a Rule 1.972 Violation

The majority affirms the district court's order setting aside the default judgment against the defendants based on Champion's failure to comply with the procedural requirements for requesting the entry of default under rule 1.972. Failure "to comply with the notice and certification requirements" of rule 1.972 leaves the district court "without authority to enter the order of default and the subsequent default judgment against the defendants." *Dolezal v. Bockes*, 602 N.W.2d 348, 352 (Iowa 1999). So if the defendants had appealed the default judgment within thirty days of its entry on May 13, 2022, we could have reversed its entry and remanded for the case to proceed. *See id.* at 353 (doing just that); *Lincoln Sav. Bank v. Emmert*, 986 N.W.2d 376, 383–84 (Iowa 2023) (same); *see also* Iowa R. App. P. 6.101(1)(b) (requiring final judgments to be appealed within thirty days). But the defendants did not appeal the default judgment. So the "district court's power to proceed further" on this case "was at an end, subject only to an appropriate and timely post-judgment motion properly filed." *Snyder v. Allamakee Cnty.*, 402 N.W.2d 416, 418 (Iowa 1987). Yet the defendants filed no appropriate or timely post-judgment motion either.

Instead, more than eleven months after the judgment was entered, the defendants filed a "motion to reconsider and vacate order of default judgment." They argued that "Champion failed to comply with the plain requirements of Iowa Rule of Civil Procedure 1.972(2) and, as such, [the district court] lacked authority or jurisdiction to enter a default against" them. But they cited no rule of civil procedure authorizing their motion aside from rule 1.972. And rule 1.972 does not itself authorize a post-judgment motion—it merely states the procedural

requirements for entry of default. *See* Iowa R. Civ. P. 1.972. Nor could rule 1.904—governing motions to reconsider—authorize their motion because that rule requires filing a motion to reconsider within fifteen days and the defendants did not file their motion until nearly a year after the default judgment. *See* Iowa R. Civ. P. 1.904(2)–(3); *see also Snyder*, 402 N.W.2d at 419 (holding that the district court "had no power or authority to address the merits" of a motion to reconsider "filed well beyond the" then-applicable time limits and so "its order granting the motion was void and had no effect")

The district court decided to treat the defendants' motion as one to set aside the default judgment under rule 1.977. But that was error because the defendants' motion was untimely. A rule 1.977 motion must be filed "not more than 60 days after entry of the judgment." Iowa R. Civ. P. 1.977. Yet the defendants' motion was filed almost a year after the entry of judgment. Rule 1.977 thus could not give the court the power to set aside this final judgment so long after its entry. *See State ex rel. Hunter v. Hunter*, 501 N.W.2d 533, 535 (Iowa 1993) (reversing order setting aside default judgment after holding that relief under now-rule 1.977 is barred when it is not requested within sixty days).

What's more, rule 1.977 "is not an appropriate method of correcting the irregularity" of "the court's entry of a default and a default judgment contrary to a rule of civil procedure," as the defendants sought here. *Dolezal*, 602 N.W.2d at 353. This is because "[n]one of the grounds in rule [1.977]—mistake, inadvertence, surprise, excusable neglect or unavoidable casualty—covers this irregularity." *Id.*; *see also* Iowa R. Civ. P. 1.977. And so, rule 1.977 too did not provide the district court the power to set aside the default judgment.

On appeal, the defendants point to no other rule of civil procedure or statute that authorized the district court to set aside the final judgment against them.[5] They argue that this does not matter for two reasons.

First, the defendants contend that the violation of rule 1.972 renders the judgment void and thus subject to challenge at any time even without following the rules of civil procedure. But this argument fails because rule 1.972's requirements are not jurisdictional—they merely limit the court's authority to enter default in a case over which the court has jurisdiction. *See Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 183–84 (Iowa 2010) (discussing the important distinction between subject matter jurisdiction and authority); *see also Dolezal*, 602 N.W.2d at 352 (describing noncompliance with rule 1.972 as leaving the court "without authority"); *Lincoln Sav. Bank*, 986 N.W.2d at 383 (same). So a violation of rule 1.972 does not void the resulting judgment.[6] Indeed, our supreme court recently

---

[5] The defendants have never suggested that their motion was a petition to modify a final judgment under rules 1.1012 and 1.1013. Neither does the record show that they complied any procedural requirement under those rules. *See* Iowa R. Civ. P. 1.1013 (requiring, among other things, service of petition and original notice and payment of filing fee). This case thus does not require us to decide if a violation of rule 1.972 in the entry of default could be a ground for vacating the judgment within one year. *See* Iowa R. Civ. P. 1.1012(2) (authorizing relief for "irregularity"); *In re Marriage of Cutler*, 588 N.W.2d 425, 428–29 (Iowa 1999).

[6] Neither the defendants nor the majority identify any contrary precedent directly addressing this issue. The majority instead follows cases about a different issue—the effect on a resulting default judgment of a defect in the service or form of the original notice needed at the start of a case to give the district court jurisdiction over the served party. *See Dimmit v. Campbell*, 151 N.W.2d 562, 564–65 (Iowa 1967); *Halverson v. Hageman*, 92 N.W.2d 569, 573 (Iowa 1958). And it looks to other precedent that the failure to properly serve the defendant at the start of the case deprives the court of jurisdiction for trial. *See Johnson v. Brooks*, 117 N.W.2d 457, 462 (Iowa 1962). But given the difference between noncompliance with rule 1.972 after a case has been properly commenced and a defect in gaining jurisdiction over the defendant at all, I fail to see how this precedent leads to the conclusion that this judgment is void.

18

emphasized as much when addressing an issue of first impression about rule 1.972's notice requirements. *See Lincoln Sav. Bank*, 986 N.W.2d at 383. The court reasoned that its decision adopting a strict interpretation of the requirements did "not affect the finality of judgments" because any prior judgment that violated its new interpretation "may be attacked only by an otherwise proper and timely postjudgment motion or appeal." *Id.* I would not ignore this recent guidance.

Second, the defendants argue that Champion did not preserve error by arguing to the district court that it could not set aside the judgment under rule 1.977 because it was untimely. To be sure, it would have been better if Champion had filed a 1.904(2) motion pointing out that a motion under rule 1.977 was untimely after receiving the district court's decision introducing that rule into the case for the first time. Alerting the court to this error immediately may well have avoided this appeal. But Champion did consistently argue that the "Defendants failed to challenge this judgment in a timely matter." And more importantly, Champion was not required to preserve error on this point because whether the court can reopen a final judgment is a question of jurisdiction. When a district court has "no power or authority to set aside [a] final default judgment," any order doing so is "void and of no effect," cannot "be resuscitated by consent, waiver, or estoppel," and can be challenged "at any time." *Snyder*, 402 N.W.2d at 419.

I would thus hold that the district court lacked the power to set aside the default judgment both under rule 1.977 as it tried or based on a violation of rule 1.972 as the majority alternatively reasons.

## II.    Challenging Personal Jurisdiction

One of the defendants, Ryan Burns also sought to set aside the default judgment against him because the district court lacked personal jurisdiction over him.  Unlike a challenge to a judgment based on a violation of rule 1.977, a challenge for lack of personal jurisdiction does not have to be brought within the timeframes for a post-judgment motion under the rules of civil procedure.  *See In re Marriage of Ivins*, 308 N.W.2d. 75, 77 (Iowa 1981)*.*  So the analysis above does not resolve whether the district court's order setting aside the judgment against Burns could be affirmed on this alternative ground.

But ultimately this argument fares no better.  Challenges to personal jurisdiction "will be deemed waived unless raised at the first opportunity, or in due or reasonable time."  *Id.* (cleaned up).  And the record is undisputed that Burns was aware of this suit against him since when he was first personally served in January 2021 yet did not raise any challenge to the court's personal jurisdiction over him until two years later when he filed his motion to reconsider in January 2023.  During that time Burns engaged in many email exchanges with Champion's attorneys about the suit while it was pending and after judgment was entered.  He arranged for nearly $900,000 in payments to Champion toward the judgment.  And he participated in a judgment debtor examination with counsel.  While Burns claims to have not realized that he was personally a defendant in the suit, such a misunderstanding is not reasonable here where he was clearly shown as a defendant on the original notice and the caption of every other court filing he received.  Under these circumstances, Burns waived any objection to personal jurisdiction because he did not raise it within a reasonable time.  And so the district

court's order vacating the judgment against Burns cannot be affirmed on this ground either.

\* \* \*

Bottom line, the defendants' belated challenges to the default judgments against them did not give the district court a valid path to undermine the finality of a court judgment and consider the merits of their claims of procedural error. Because the majority nevertheless affirms the district court's order setting aside the final judgment, I respectfully dissent.