# IN THE SUPREME COURT OF IOWA

No. 09–1301

Filed February 18, 2011

**STATE OF IOWA,**

     Appellee,

vs.

**THOMAS EDWARD OLSEN,**

     Appellant.

---

Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

Acquitted, indigent defendant appeals two district court orders levying costs and fees pursuant to Iowa Code section 815.9 (2009). **AFFIRMED.**

Gordon E. Allen of Drake University Legal Clinic, and Thomas Harbaugh, Student Legal Intern, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, Stephen H. Holmes, County Attorney, and Keisha F. Cretsinger, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we address whether our decision in *State v. Dudley*, 766 N.W.2d 606 (Iowa 2009), may be retroactively applied to cases time barred from review. For the reasons stated below, we conclude that a time-barred appellant may not receive the benefit of retroactive application of *Dudley* under the circumstances presented in this case.

## I. Factual and Procedural Background.

In November 2008, the State charged Thomas Olsen with domestic abuse. Olsen—who was indigent—applied for, and received, court-appointed counsel pursuant to Iowa Code sections 815.9 and 815.10 (2009). A jury acquitted Olsen, and a judgment to that effect was entered on January 30, 2009.

Following Olsen's acquittal, the district court filed two orders relevant to this appeal. An order filed February 3, 2009, charged Olsen $525.30 for court reporter fees, and another order filed March 24, 2009, charged Olsen $4574.49 for attorney fees. Both orders were levied pursuant to Iowa Code section 815.9(4). The district court did not hold a hearing to determine Olsen's ability to pay before issuing the orders.

On May 29, 2009, this court decided *Dudley*. The *Dudley* court found Iowa Code section 815.9(4) unconstitutional, concluding, *inter alia*, that "[t]he imposition of a mandatory reimbursement obligation on acquitted defendants without any consideration of their ability to pay infringes on their [federal and state] right to counsel." 766 N.W.2d at 626. To withstand constitutional scrutiny, the *Dudley* court explained, a district court may impose fees and costs under 815.9(4) only after a hearing is held to determine the acquitted defendant's reasonable ability to pay. *Id.* at 614–15.

In light of *Dudley,* Olsen filed a "Motion to Reduce or Eliminate Defendant's Obligation to Pay Defense Costs" (Motion to Reduce or Eliminate) on June 19, 2009—nearly three months after the March 24 order. The motion asserted that Olsen was entitled to a *Dudley* hearing to determine his reasonable ability to pay the fees assessed in the February 3 and March 24 orders.

The district court held a hearing on the matter, but denied the motion on July 22, 2009. The district court held that Olsen's motion was untimely and that Olsen failed to establish grounds to vacate or modify the civil judgments under Iowa Rule of Civil Procedure 1.1012. The district court further held that Olsen was not entitled to a *Dudley* hearing because *Dudley* was intended to be applied prospectively only.

Olsen filed a notice of appeal to challenge the July 22 ruling on August 20, 2009. On November 3, 2009, Olsen filed a motion for delayed appeal, which asserted that Olsen's counsel rendered ineffective assistance by failing to file a timely notice of appeal of the February 3 and March 24 orders. This court subsequently issued an order stating that the notice of appeal challenging the July 22 ruling was timely, but denied the motion for delayed appeal.

## II. Standard of Review.

Our review in this case is for the correction of errors at law. *See* Iowa R. App. P. 6.907; *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009) ("A challenge to the trial court's jurisdiction is reviewed for correction of errors at law.").

## III. Discussion.

Although Olsen frames the issue as to whether *Dudley* should apply retroactively, resolution of this case turns on whether the district court had jurisdiction to entertain Olsen's Motion to Reduce or

Eliminate.[1] Both parties agree that the February 3 and March 24 orders were "final judgments" from which Olsen had the opportunity of appeal. *See Kent Feeds, Inc. v. Stanwood Feed & Grain Co.,* 186 N.W.2d 593, 595 (Iowa 1971) (accepting as established the finality of an order when no challenge was raised calling its finality into question); *Iowa Pub. Serv. Co. v. Sioux City,* 254 Iowa 22, 25, 116 N.W.2d 466, 467–68 (Iowa 1962) (stating that the court is justified in considering a decree final when parties agree on its finality); *see also Bd. of Water Works Trustees v. City of Des Moines,* 469 N.W.2d 700, 702 (Iowa 1991) ("Rulings deciding collateral and independent claims are separately appealable . . . ."); *Lynch v. City of Des Moines,* 464 N.W.2d 236, 237–38 (Iowa 1990) (addressing appeal of attorney fee award in a state civil rights action separately from the appeal on the merits). Olsen argues that the district court erred by failing to apply *Dudley* retroactively even though *Dudley* was decided after Olsen's window to appeal the February 3 and March 24 orders had expired. This argument assumes that, although the orders were final judgments, the district court retained jurisdiction to reconsider the amount of costs and fees to be assessed under section 815.9. As discussed below, however, our cases maintain that, absent a valid post-judgment motion, a district court loses jurisdiction over a matter once a final judgment is rendered.

---

[1]In his reply brief, Olsen asserts, for the first time on appeal, that the district court erred in holding that Olsen failed to establish the grounds for vacating or modifying judgment under Iowa Rule of Civil Procedure 1.1012. Because Olsen failed to raise this issue in his original brief, the issue is not preserved for our review. *See Hills Bank & Trust Co. v. Converse,* 772 N.W.2d 764, 770–71 (Iowa 2009) (explaining that the court will not consider an issue raised for the first time in the appellant's reply brief); *Sun Valley Iowa Lake Ass'n v. Anderson,* 551 N.W.2d 621, 642 (Iowa 1996) ("Parties cannot assert an issue for the first time in a reply brief. When they do, this court will not consider the issue." (citation omitted)).

In *Robco Transportation, Inc. v. Ritter*, 356 N.W.2d 497, 498–99 (Iowa 1984), this court considered the extent to which a trial court has jurisdiction to reopen and reconsider a final judgment. *Ritter* involved a suit filed in Polk County, Iowa, by Robco Transportation, Inc. (Robco) against Ritter. *Id.* at 498. After being personally served in Wisconsin, Ritter filed a motion for special appearance, alleging that the court lacked personal jurisdiction over him. *Id.* On April 8, 1983, the Polk County district court sustained Ritter's special appearance. *Id.* On April 20, 1983, Robco filed a "Resistance to Special Appearance," but did not appeal the district court's April 8 ruling or file a motion to enlarge or petition to vacate. *Id.* On April 25, 1983, the trial court issued an order stating "[t]he Court's ruling on special appearance . . . will be reconsidered at hearing on 5/2/83." *Id.* On June 21, the district court entered another order sustaining Ritter's special appearance. *Id.*

Robco filed a notice of appeal on July 15, 1983. *Id.* The notice of appeal alleged that the district court erred in sustaining Ritter's special appearance. *Id.* The notice of appeal was filed within thirty days of the district court's June 21 order, but more than thirty days from the April 8 order. *Id.* On these facts, this court held that the district court lacked jurisdiction to review the June 21 order. *Id.* at 499. Also, the court concluded that, because Robco filed a notice of appeal more than thirty days after the April 8 order, the supreme court lacked appellate jurisdiction over the matter as well. *Id.* at 499; *see* Iowa R. App. P. 6.101(1)(*b*).

The court noted that a ruling sustaining a special appearance is a final order. *Id.* at 498. The court then explained that, although the rules of civil procedure had been amended to retain jurisdiction in the trial court where a special appearance was sustained in certain

circumstances, the cases retaining jurisdiction in those circumstances were "not authority . . . for the view that a trial court may undo its final judgment absent a motion to enlarge under rule 179(b) [now rule 1.904(2)] or a petition to vacate under rule 252 [now rule 1.1012]." *Id.* at 499. Thus, absent a rule or motion retaining jurisdiction in the court following a final order, "[a] final judgment puts it beyond the power of the trial court to return the parties to their original positions." *Id.* The court explained that the June 21 order "was without authority and a nullity." *Id.* As a result, the supreme court lacked appellate jurisdiction over the matter because the appeal was "filed more than thirty days following the trial court's April 8 ruling." *Id.*

*Snyder v. Allamakee County*, 402 N.W.2d 416 (Iowa 1987), adopts a similar approach to jurisdictional issues in a civil case. In *Snyder*, Snyder filed a claim against, *inter alia*, Leo, Eugene, and Richard Berns (Berns) on March 17, 1982. 402 N.W.2d at 417. Berns failed to answer Snyder's petition, and the district court entered a default judgment against Berns on May 17, 1982. *Id.* On May 25, 1982, Berns filed a motion to set aside the May 17 default judgment, which the district court denied on June 7, 1982. *Id.* Thirty-seven days later, Berns filed a "Motion to Reconsider Overruling of Motion to Set Aside Default." *Id.* On July 19, 1982, the district court held a hearing and rejected the motion. *Id.* Immediately after the hearing, the district court met ex parte with Berns and, on July 30, 1982, entered an order in Berns' favor, which set aside the May 17 default judgment. *Id.* at 417–18. Snyder then filed a motion to reconsider on August 10, 1982, which the district court denied. *Id.* at 418. On October 9, 1985, Snyder filed a "motion to strike and expunge from the record the July 30, 1982, district court order setting aside the default judgment." *Id.* On January 6, 1986, the district

court granted Snyder's motion. *Id.* Berns appealed three days later. *Id.* The *Ritter* court held that, because the July 30 order was invalid, the district court lacked jurisdiction to set aside Snyder's May 17 default judgment against Berns. *Id.* at 419.

The court first noted that the May 17 default judgment was a final judgment. *Id.* at 418. In Iowa, the court explained, "[i]f a judgment is final, not only is a right of appeal created, but, absent timely post-judgment motions, district court has no power or authority to return the parties to their original positions." *Id.* (citation omitted). The court reasoned that "[b]ecause the default judgment entered against Berns was a final judgment, district court's power to proceed further was at an end, subject only to an appropriate and timely post-judgment motion properly filed." *Id.* Thus, although Berns could have appealed the May 17 default judgment and the June 7 order, his failure to timely do so left the district court without "power or authority" to address the merits of either order. *Id.* at 419. Consequently, the district court's July 30 order "was void and had no effect on Snyder's [May 17] default judgment." *Id.*

*Ritter* and *Snyder* offer guidance on the resolution of this case. The parties agree that the February 3 and March 24 orders were final judgments. Just as the district courts in *Ritter* and *Snyder* lacked jurisdiction to entertain challenges to their previous final judgments absent a timely and properly filed post-judgment motion, the district court in this case lacked jurisdiction to consider the validity of the February 3 and March 24 orders. Although Olsen filed a post-judgment motion, the motion was untimely and therefore did not resurrect the district court's jurisdiction in the matter. Thus, the district court had no

jurisdiction to enter its July 22 ruling.[2] *See Snyder*, 402 N.W.2d at 419; *Ritter*, 356 N.W.2d at 499; *see also Graber v. Iowa Dist. Ct.*, 410 N.W.2d 224, 228 (Iowa 1987) ("[I]n the absence of a timely motion . . . a trial court may not alter or undo a final judgment except in cases where the court corrects its ruling nunc pro tunc to conform to what was actually intended by the court when the judgment was rendered.").

Because the July 22 ruling was untimely, this court lacks jurisdiction to decide whether *Dudley* should be applied retroactively. *See Ritter*, 356 N.W.2d at 499. Olsen's notice of appeal following the district court's void ruling on July 22 does not confer appellate jurisdiction upon this court to review the merits of the February 3, March 24, or July 22 judgments. *See id.* Olsen had thirty days to file a notice of appeal once the February 3 and March 24 orders became final. Iowa R. App. P. 6.101(1)(*b*). Olsen elected not to do so, instead challenging the orders through an improper posttrial motion filed months after the district court levied the costs and fees. As we said in *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 110 (Iowa 1981),

> A timely appeal is jurisdictional, and the time limit for appeal can not be extended by filing an improper posttrial motion. An untimely posttrial motion is defective and does not toll the running of the thirty-day period within which an appeal must be taken.

(Citation omitted.) Therefore, because Olsen's "Motion to Reduce or Eliminate" was untimely, this court lacks jurisdiction to decide whether *Dudley* ought to be applied retroactively. *See id.*; *Ritter*, 356 N.W.2d at 499.

---

[2]This case involves an appeal in a civil matter. *See State v. Sluyter*, 763 N.W.2d 575, 582 (Iowa 2009); *see also Dudley*, 766 N.W.2d at 625 & n.7 (applying rules of civil procedure because orders rendered pursuant to section 815.9 impose civil liability). Therefore, the statutory avenue of postconviction relief in Iowa Code chapter 822 has no application.

**IV. Conclusion.**

For these reasons, we hold that the district court correctly concluded that Olsen's Motion to Reduce or Eliminate was untimely, and, therefore, it lacked jurisdiction to consider the motion. Accordingly, because Olsen failed to file a timely notice of appeal once the February 3 and March 24 orders became final, this court lacks appellate jurisdiction to entertain the merits of the February 3, March 24, or July 22 judgments.

**AFFIRMED.**