# IN THE COURT OF APPEALS OF IOWA

No. 15-1648
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RUSSELL KENNETH FIDLER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Audubon County, James M. Richardson, Judge.

Defendant appeals from the district court's denial of his motions for discovery and special appearance filed in his closed criminal case. **APPEAL DISMISSED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

In 2004, Russell Fidler was convicted of sexual abuse in the second degree and sentenced to a twenty-five-year term of incarceration. The facts of the case are set forth in *Fidler v. State*, No. 07-0745, 2007 WL 3377888, at *1 (Iowa Ct. App. Nov. 15, 2007), and need not be repeated herein. Approximately ten years later, while still incarcerated, Fidler filed a "motion for discovery" and "motion for special appearance" in his closed criminal case. The district court denied the motions without hearing. Fidler filed this appeal.

The district court lacked jurisdiction over the motions. *See State v. Olsen*, 794 N.W.2d 285, 289 (Iowa 2011) (holding the district court lacked jurisdiction to consider untimely motion filed after the entry of judgment in a criminal case); *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990) (explaining the district court was without jurisdiction over application filed in a closed criminal case and stating "[a] defendant cannot jump-start an expired case by simply filing an application for collateral relief"). We also lack jurisdiction over this appeal. Final judgment was entered in this case more than a decade ago. Fidler's filing of post-trial motions years later in a closed case does not revive the time to appeal from the final judgment and create appellate jurisdiction where it otherwise would not exist. *See Olsen*, 794 N.W.2d at 289 ("A timely appeal is jurisdictional, and the time limit for appeal cannot be extended by filing an improper posttrial motion. An untimely posttrial motion is defective and does not toll the running of the thirty-day period within which an appeal must be taken.").

Fidler's relief should be sought, if anywhere, in postconviction relief proceedings.

**APPEAL DISMISSED.**