**IN THE COURT OF APPEALS OF IOWA**

No. 16-0003
Filed December 21, 2016

**RICHARD CARROLL,**
        Plaintiff-Appellant,

**vs.**

**HOWARD F. SAMUELL and LAURA L. SAMUELL,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


        Richard Carroll appeals from the district court's grant of summary

judgment in favor of Howard and Laura Samuell.  **APPEAL DISMISSED.**



        Jacob Van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant.

        Brian L. Yung of Klass Law Firm, L.L.P., Sioux City, for appellees.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Alleging the presence of mold in the home he rented from Howard and Laura Samuell, Richard Carroll filed suit against the Samuells, seeking damages under theories of breach of contract and breach of implied warranty of habitability. After the Samuells filed a motion for summary judgment, Carroll requested that the district court refuse the motion "until such time as discovery has been completed." Under the circumstances presented, we conclude Carroll failed to timely file his notice of appeal, and we therefore dismiss the appeal.

Carroll leased a single family home from the Samuells. After moving into the residence in September 2012, Carroll began experiencing respiratory problems. Carroll complained to the Samuells about a musky odor coming from the basement and about water leaks in the basement and the enclosed porch. The Samuells made some repairs to the home. In April 2013 Carroll informed the Samuells he was vacating the home because of persistent and damaging mold.

In August 2014, Carroll filed suit alleging he sustained personal injuries arising out of exposure to mold in the home. He pled legal theories of breach of contract and breach of implied warranty, seeking compensatory damages. He also sought damages for personal injuries. The Samuells filed an answer denying Carroll's allegations and requesting the suit be dismissed. In September 2014, the Samuells served Carroll with interrogatories and requests for production of documents. The Samuells filed a motion to compel, and after a hearing on the motion was set for January 27, 2015, Carroll responded to the discovery on January 23. The motion to compel was withdrawn. Carroll's

deposition was taken on February 26. The case apparently then languished until October 2015 when Carroll filed a motion to set a trial scheduling conference.[1] The Samuells filed a motion for summary judgment supported with a memorandum of authorities and statement of undisputed facts. Hearing on both motions was set for November 5, 2015. Carroll filed a resistance to the motion for summary judgment. He did not respond to the merits of the motion. Instead he asserted:

> 2. No trial date has been set in the above listed action.
> 3. None of the following deadlines have been set, let alone expired, in the above listed action:
>> a. Close of Discovery;
>> b. Close of Depositions;
>> c. Deadline to Disclose Expert Witnesses;
>> d. Deadline to Add Additional Parties.
> 4. As such, [the Samuells'] Motion is premature, as [Carroll] has not had an opportunity to exhaust the avenues by which he might secure testimony or other evidence to controvert the facts alleged to be uncontroverted by [the Samuells].
> 5. [Carroll] has neither completed discovery, nor taken deposition, nor determined whether he will retain experts [to] issue opinions in the above listed action.
> 6. [Carroll] request[s], pursuant Iowa Rule of Civil Procedure 1.981(6), that the court refuse the application for judgment at this time to permit a trial date and regular deadlines to be set guiding discovery, and permit affidavits to be obtained, depositions to be taken, and discovery to be had. (2015)
> WHEREFORE, . . . Carrol, requests that the Court refuse [the Samuells'] Motion for Summary Judgment until such time as discovery has been completed; and any other remedy available at law.

The Samuells replied, and a hearing was held. The district court's ruling was succinct, and we set it out in full as follows:

---

[1] The district court noted, "For reasons unknown, no trial scheduling conference was ever held; [Carroll] made no request for a trial scheduling until October 2, 2015, some 14 months [after he filed his lawsuit.]"

On this date [the Samuells]' motion for summary judgment came on for hearing. Both parties appeared by their respective attorneys. After hearing the statements and arguments of counsel, reviewing the court file and being fully advised in the premises, the court now enters the following ruling.

[Carroll] filed this action on August 5, 2014. For reasons unknown, no trial scheduling conference was ever held; [Carroll] made no request for a trial scheduling conference until October 2, 2015, some 14 months later. [The Samuells] filed their motion for summary judgment on October 9, 2015. [Carroll]'s resistance asserts only that since no deadlines for the naming of experts or discovery have ever been established, the motion for summary judgment is premature and [Carroll] is entitled to conduct discovery to respond to the motion for summary judgment.

[Carroll] has failed to respond to [the Samuells]' motion for summary judgment as required by Iowa Rule of Civil Procedure 1.981(6). He has provided no affidavit setting forth what discovery needs to be taken, or what facts would be disputed as a result of such discovery. [Carroll]'s counsel admitted during argument that [Carroll] has propounded no discovery since the inception of the case as of the date of hearing. It is not sufficient to respond to a motion for summary judgment simply to state that the non-moving party wishes to conduct discovery before responding. Furthermore, the court is not persuaded that discovery could in this case lead to admissible evidence that would challenge the facts set forth in defendants' statement of undisputed facts. For all of these reasons, [the Samuells]' motion for summary judgment is granted. The case is hereby dismissed. Costs are taxed to [Carroll].

Carroll then filed a motion to amend and enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2). The Samuells resisted, and the motion was denied. Carroll now appeals.

On appeal, Carroll contends the district court "committed reversible error by failing to afford [Carroll] every legitimate inference the record would bare when ruling on [Carroll]'s actions for breach of contract and breach of implied warranty of habitability." In response, the Samuells argue Carroll's appeal is untimely, and the district court properly denied Carroll's request for additional time to conduct discovery and properly granted summary judgment.

Before we can address the merits of Carroll's appeal, we first must determine whether this matter was timely appealed. In this regard, our supreme court recently stated,

> The timeliness of the filing of a notice of appeal is a jurisdictional question. *State v. Olsen*, 794 N.W.2d 285, 289 (Iowa 2011). The filing of an improper or untimely posttrial motion does not toll the deadline for filing a notice of appeal. *Id.* Under Iowa Rule of Appellate Procedure 6.101(1), a party must ordinarily file a notice of appeal within thirty days of the filing of the final order or judgment. Iowa R. App. P. 6.101(1)(*b*); *Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 640 (Iowa 2013). However, a timely and proper motion to enlarge or amend the findings of fact or conclusions of law tolls the time to file an appeal until such time the district court enters a ruling on the motion. Iowa R. App. P. 6.101(1)(*b*); *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005). After the court rules on the motion, the party has to file its notice of appeal within thirty days of the ruling. *Okland*, 699 N.W.2d at 264. In other words, following the filing of a timely and proper posttrial motion under Iowa Rule of Appellate Procedure 6.101(1), a notice of appeal is timely if a party files the notice within thirty days of the district court ruling on the motion. *Sierra Club*, 832 N.W.2d at 640. If the party has not filed a timely and proper motion, we lack jurisdiction to decide the merits of an appeal. *Id.*

*Homan v. Branstad*, ___ N.W.2d ___, ___, 2016 WL 6650114, at *2 (Iowa 2016).[2]

Here, the district court's order granting the Samuells' motion for summary judgment was entered on November 5, 2015. On November 20, Carroll timely filed a rule 1.904(2) motion to amend and enlarge. The Samuells resisted, and the motion was denied on November 30. Carroll filed his notice of appeal on

---

[2] We note the Iowa Supreme Court recently adopted amendments to Iowa Rule of Civil Procedure 1.904, effective March 1, 2017, which eliminates the need to determine if the rule 1.904(2) motion was "proper." *See* Iowa Supreme Ct. Order, *Amendments to Iowa Rule of Civil Procedure 1.904 and Iowa Rule of Appellate Procedure 6.101* (Nov. 18, 2016) ("[N]ew provisions in [rule 1.904] allow that a timely rule 1.904(2) motion will extend the appeal deadline, subject to an exception for successive motions.").

December 30, more than thirty days after the court's summary judgment ruling. If his rule 1.904(2) motion was not "proper," his appeal is untimely.

A proper rule 1.904(2) motion is one that addresses rulings on factual issues tried without a jury; legal issues can only be raised in the context of an issue of fact tried by the court without a jury. *See Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013). Such a motion may also request a ruling on an issue the court overlooked or ask the court to enlarge or amend findings that fail to comply with rule 1.904(1). *See id.* at 669. However, the time for appeal is not tolled if the motion only rehashes legal issues previously raised. *See id.* at 668-69.

Carroll's motion to enlarge challenged the district court's findings that Carroll failed to respond the motion for summary judgment as required by Iowa Rule of Civil Procedure 1.981(6) and that the district court was not persuaded that discovery could in this case lead to admissible evidence that would challenge the facts set forth in the Samuells' statement of undisputed facts. In denying Carroll's motion to enlarge, the district court stated,

> The court in its original ruling considered each and every argument which [Carroll] raised in his resistance, which was only that he believed he could find some evidence to support his claim if the court permitted him more time. None of the other arguments [Carroll] now advances were raised initially. Furthermore, as [the Samuells] correctly point out, [Carroll] has still failed to state specifically what discovery he intended to take or what it would establish. [The Samuells] also correctly point out that [Carroll]'s motion is really one to reconsider its original ruling, not a motion to enlarge upon arguments previously raised by [Carroll] but not addressed by the court in its initial ruling.

After a thorough review of the court file, we agree with the district court in all respects. We therefore conclude Carroll's motion to enlarge was not proper and

did not toll the time for him to file a notice of appeal.  Since his notice of appeal was filed more than thirty days after the district court's summary judgment ruling, Carroll's appeal is untimely, and we therefore lack jurisdiction to decide the appeal.  *Homan*, 2016 WL 6650114, at *2.

**APPEAL DISMISSED.**