**IN THE COURT OF APPEALS OF IOWA**

No. 16-0091
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WALTER L. HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve,

Judge.


        Walter Hall appeals the denial of his motion to set aside his convictions.

**APPEAL DISMISSED.**


        Walter L. Hall, El Reno, Oklahoma, pro se appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Walter Hall never directly appealed his 1993 drug convictions or initiated a postconviction-relief proceeding. But in December 2015, Hall filed a "Motion to Correct Criminal Record," citing Iowa Code section 692.5 (2015), in which he requested that his "criminal record" be "set aside." This assertion was based on what he claims to be newly discovered evidence he obtained in July 2015—namely, his birth certificate, which shows his birthdate to be March 27, 1955. His juvenile and criminal records indicate a birthdate of March 5, 1955.

The district court denied Hall's motion. Its order states:

> [Hall] filed a motion to correct the birth date in this case to March 27, 1955, and provided a copy of a birth certificate in support of his motion. The date of birth he claims the court relied on in this case was March 5, 1955. The court finds the record should be corrected to reflect [Hall]'s date of birth is March 27, 1955, and this portion of [Hall]'s motion is granted.
> [Hall]'s motion also claims the underlying conviction should be overturned because his date of birth is off by less than 20 days. The court finds this mistake, if it was a mistake, did not affect the result in his case. Further, this is not newly discovered evidence as it has been available since March of 1955 when [Hall] was born. [Hall]'s request to overturn his conviction on this basis is denied.

Hall appeals. He argues the district court correctly ordered correction of his criminal records to reflect his true birth date but erred in holding the birth certificate was not newly discovered evidence and refusing to set aside his convictions or sentences. The State moved to dismiss the appeal, arguing, among other things, that the district court and this court have no jurisdiction because Hall's motion was filed more than twenty years after his convictions became final. The supreme court ordered the State's motion to dismiss be

submitted with the appeal and transferred the matter to this court on February 8, 2017.

The district court lacked jurisdiction over Hall's motion. *See* Iowa Code § 814.6(1); Iowa R. App. P. 6.103(1); *State v. Olsen*, 794 N.W.2d 285, 289 (Iowa 2011) (holding the district court lacked jurisdiction to consider untimely motion filed after the entry of judgment in a criminal case); *State v. Braun*, 460 N.W.2d 454, 455 (Iowa 1990) (explaining the district court was without jurisdiction over application filed in a closed criminal case and stating "[a] defendant cannot jump-start an expired case by simply filing an application for collateral relief"). Additionally, we lack jurisdiction over this appeal. Final judgments were entered on Hall's convictions more than two decades ago. Hall's act of filing a posttrial motion years later does not revive the time to appeal from the final judgments and create appellate jurisdiction where it otherwise would not exist. *See Olsen*, 794 N.W.2d at 289 ("A timely appeal is jurisdictional, and the time limit for appeal cannot be extended by filing an improper posttrial motion. An untimely posttrial motion is defective and does not toll the running of the thirty-day period within which an appeal must be taken.").

Even if we were to construe Hall's motion as an application for new trial under Iowa Rule of Criminal Procedure 2.24(2)(b)(8) based on newly discovered evidence, discovery of Hall's birth certificate cannot in any way be construed as such. A new trial may be granted based on newly discovered evidence when the evidence "could not have been discovered earlier in the exercise of due diligence." Iowa R. Crim. P. 2.24(2)(b)(8). Although Hall may not have discovered the true date of his birth until 2015 when he obtained a copy of his

birth certificate, the birth certificate has been in existence since 1955. Furthermore, in order to warrant a new trial, the newly discovered evidence must be material to the conviction at issue. *See id.* Hall's birthdate was not in any way material to his convictions. In any event, the motion was untimely since it was filed more than two years after final judgment. *See id.*

Finally, even if we were to somehow construe Hall's motion as an application for postconviction relief, it is time-barred because Hall filed it more than three years after his convictions were final. *See* Iowa Code § 822.3. Hall's birth certificate was in existence at the time of his convictions, and therefore, it is not newly discovered evidence that extends the statute of limitations on postconviction actions. *See id.*

**APPEAL DISMISSED.**