# IN THE COURT OF APPEALS OF IOWA

No. 18-1328
Filed February 19, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**BRYAN GIOVANNI BEJARANO MORENO,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling (trial) and Patrick A. McElyea (sentencing), Judges.

　　　**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**

　　　Martha J. Lucey, State Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Richard Bennett, Assistant Attorney General, for appellee.

　　　Considered by Vaitheswaran, P.J., Mullins, J., and Gamble, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GAMBLE, Senior Judge.**

Bryan Bejarano Moreno (Bejarano)[1] appeals from his convictions of first-degree burglary and domestic abuse assault causing bodily injury. Bejarano claims he received ineffective assistance of counsel. He also claims the district court improperly assessed restitution without determining his ability to pay and improperly included language in the sentencing order requiring him to affirmatively challenge his ability to pay appellate attorney fees. We affirm in part, reverse in part, and remand to the district court.

On March 18, 2018, Bejarano broke into the home of his estranged wife. She was not home at the time. She returned home and opened her door. Immediately after she opened the door, Bejarano rushed toward her and knocked her down. Bejarano then struck her repeatedly. She suffered numerous injuries.

The State charged Bejarano with count I, first-degree burglary; and count II, domestic abuse assault causing bodily injury. A jury found Bejarano guilty as charged. Bejarano appeals.

In his first claim of error, Bejarano claims his counsel was ineffective.[2] We review ineffective-assistance claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, ineffective-assistance claims are preserved for

---

[1] Bejarano Moreno expressed a preference to be referred to as Bejarnao.

[2] We recognize Iowa Code section 814.7 (2019) was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

postconviction relief so the record can be fully developed. *Id.* But when the record is adequate, the claim may be resolved on direct appeal. *Id.*

To succeed on an ineffective-assistance claim, a defendant must prove by a preponderance of the evidence that counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, a defendant must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If a defendant cannot prove either prong, we need not address the other. *See id.*

The first prong of the ineffective-assistance test requires Bejarano show "counsel's representation fell below an objective standard of reasonableness." *State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (citation omitted). We consider whether counsel acted "outside the wide range of professionally competent assistance." *Id.* (citation omitted). We presume counsel acted reasonably. *See id.* "[C]ounsel has no duty to raise an issue that lacks merit . . . ." *Id.* So we consider if Bejarano's claims have merit. *See id.*

Bejarano argues counsel was ineffective for failing to move for judgment of acquittal on count I because the State failed to prove anyone was present when he entered the residence.[3] Because Bejarano did not object to the jury instructions, they are the law of the case. *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018). The first-degree burglary marshalling instruction provided:

---

[3] Counsel moved for judgment of acquittal on counts I and II, arguing a different basis for acquittal.

> 1. On or about March 18, 2018, [Bejarano] entered a residence located at . . . .
> 2. The residence was an occupied structure as defined in these instructions.
> 3. One or more persons were present in the occupied structure.
> 4. [Bejarano] did not have permission or authority to enter the residence.
> 5. The residence was not open to the public.
> 6. [Bejarano] entered the residence with the specific intent to commit an assault.
> 7. During the incident [Bejarano] intentionally or recklessly inflicted a bodily injury on someone.

These instructions do not explicitly require a person be present at the time Bejarano entered the residence. Moreover, *State v. Tillman*, made clear another person's presence at the time of the defendant's entering is not required. 514 N.W.2d 106, 109 (Iowa 1994). Rather, another person must simply enter the premises at some time during the burglary to elevate it to burglary in the first degree. *See id.* That is precisely what occurred here.

Bejarano acknowledges *Tillman* and argues it runs contrary to the plain meaning of the statute. *See* Iowa Code § 713.3 (2018). He requests *Tillman* be overruled.[4] Bejarano asserts *Tillman* incorrectly relied on Iowa Code section 702.13, which provides:

> A person is "participating in a public offense" during part or the entire period commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense, and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be.

---

[4] In his routing statement, Bejarano requested the supreme court retain his case to "reexamine" *Tillman* and requested it be overruled. To the extent Bejarano asks this court to overrule *Tillman*, we cannot. *See State v. Beck*, 845 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Bejarano argues participating in a public offense under section 702.13 is not an essential element of burglary in the first degree under section 713.3 when the "enter" alternative is charged. Bejarano believes counsel was ineffective for failing to move for judgment of acquittal on the basis that no one was in the residence when he entered for the purpose of preserving error.

We find counsel was not ineffective. *Tillman* was decided in 1994, almost twenty-six years ago. Since then, the legislature has had ample time to weigh in and correct any statutory misinterpretation in *Tillman* and has declined to do so. *See Ackelson v. Manley Toy Direct, LLC*, 832 N.W.2d 678, 688 (Iowa 2013) ("When many years pass following such a case without a legislative response, we assume the legislature has acquiesced in our interpretation."). Accordingly, we conclude *Tillman* remains good law that accurately represents the legislature's intent. Counsel was not ineffective because the proposed basis for judgment of acquittal has no merit nor does Bejarano's challenge to *Tillman*. *See Ortiz*, 905 N.W.2d at 183.

Bejarano also claims counsel was ineffective in failing to object to the accuracy of the court's response to a jury question. The jury presented three questions to the court during deliberations. The second question appears below:



The court proposed the following response, "As to question 2, the court understands your question to be as to element 3 of Instruction 13[5], ANSWER- No." Counsel objected stating, "The proper response would be that the court is unable to discern what the question is." The court submitted the answer as proposed to the jury.

Bejarano claims the answer amounted to "an incorrect statement based upon the plain language of the statute." Bejarano again acknowledges *Tillman* does not require another person be present at time of entry and argues counsel was ineffective for failing to preserve error. For the reasons previously stated, we find counsel was not ineffective.

In his reply brief, Bejarano asks the court to adopt the plain-error doctrine so our appellate courts may address the merits of unpreserved errors, including his challenges to *Tillman*. The State moved to strike this portion of the reply brief, noting Bejarano did not make an argument for the adoption of the plain-error doctrine in his original brief. Bejarano resisted. The supreme court ordered the matter be submitted with this appeal. Because Bejarano failed to raise his plain-error argument in his original brief, we cannot consider it. *See State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011). Therefore, the State's motion to strike is sustained. Even if we could consider Bejarano's argument, we are powerless to adopt the plain-error doctrine because our supreme court had repeatedly declined to adopt it. *See, e.g., State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting

---

[5] Instruction thirteen was the first-degree burglary marshalling instruction.

the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)).

Next, Bejarano argues the court erred in assessing him restitution to the crime victim assistance division without determining his ability to pay. There are two categories of restitution. *State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). The district court orders category-one restitution without regard to a defendant's ability to pay. *See id.* But the district court must determine a defendant's ability to pay any form of category-two restitution before ordering a defendant to pay category-two restitution. *See id.* Crime victim assistance reimbursement is a form of category-two restitution, requiring the district court to make an ability-to-pay determination before ordering a defendant to pay this form of restitution. Iowa Code § 910.2(1)(a)(1); *Albright*, 925 N.W.2d at 159.

Here, the district court ordered Bejarano to pay $4620 in restitution to the crime victim assistance division without determining his ability to pay. The State argues Bejarano agreed to the amount of restitution and waived any challenge on appeal. Certainly, counsel acknowledged the amount of requested restitution and indicated Bejarano agreed to it. But this does not demonstrate his ability to pay the requested restitution—a condition predicate to any category-two restitution order. *See State v. Petty*, 925 N.W.2d 190, 197 (Iowa 2019). Moreover, the district court must make an ability-to-pay determination for each type of category-two restitution. *See id.* The sentencing order and subsequent order for restitution were

both silent on Bejarano's ability to pay this form of restitution.[6]  Without this determination, the sentencing order and the order for restitution to the crime victim assistance division must be vacated and remanded to determine Bejarano's ability to pay.

Finally, Bejarano and the State agree the district court erred in including the following language in the sentencing order:

> The defendant is advised that if he determines to appeal this ruling, he may be entitled to court-appointed counsel to represent him in an appeal.  The defendant is advised that if he qualifies for court-appointed appellate counsel then he can be assessed the cost of the court-appointed appellate attorney when a claim for such fees is presented to the clerk of court following the appeal.  The defendant is further advised that he may request a hearing on his reasonable ability to pay court-appointed appellate attorney fees within 30 days of the issuance of the procedendo following the appeal.

Both this court and our supreme court have determined this language should not be included in sentencing orders because it is contrary to the requirements of Iowa Code section 910.2(1).  *See, e.g.*, *State v. Crawford*, No. 17-1640, 2019 WL 1868195, at *1 (Iowa Apr. 26, 2019); *State v. Dieckmann*, No. 17-1806, 2019 WL 1868208, at *1 (Iowa Apr. 26, 2019); *State v. Wooten*, No. 18-0023, 2018 WL 6706223, at *4 (Iowa Ct. App. Dec. 19, 2018).  Accordingly, we vacate the portion of the sentencing order requiring Bejarano affirmatively request a hearing on his ability to pay and remand for entry of a corrected sentencing order.

On remand, the district court should determine Bejarano's ability to pay restitution to the crime victim assistance division and enter a corrected sentencing

---

[6] The sentencing order determined Bejarano did not have the ability to pay court-appointed attorney fees, jail fees, or court costs—other forms of category-two restitution.  *See* Iowa Code § 910.2(1)(a).

order reflecting its determination and omitting the language requiring Bejarano affirmatively request an ability-to-pay hearing regarding his appellate attorney fees.

**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**