# IN THE COURT OF APPEALS OF IOWA

No. 18-1500
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY D. SMITH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Susan Christensen, Judge.

Timothy Smith appeals his convictions for two counts of second-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Timothy Smith appeals his convictions of two counts of sexual abuse in the second degree. He contends the district court abused its discretion by excluding evidence under Iowa Rule of Evidence 5.412(b)(1)(c). He also claims he received ineffective assistance of counsel. We affirm.

**I. Facts and Prior Proceedings**

H.R. is a child. In 2007, Smith had illicit contact with H.R. According to H.R., when she was in first or second grade, Smith touched her chest, mouth, and vaginal area with his penis. Smith's penis either penetrated her vagina or anus. When the contact ended, H.R. "had something sticky all over [her]" that came from Smith's penis. On another occasion, Smith inserted his penis into H.R.'s mouth. At the time, H.R. did not disclose the abuse because she was afraid Smith would hurt her.

Smith moved to another town but continued to have contact with H.R. When H.R. was in either third or fourth grade, Smith penetrated either her vagina or anus. This caused her to feel a sharp pain.

Eventually, H.R. moved away from Smith. She disclosed the abuse to her mother and then a teacher. Police came to H.R.'s school to meet with her. After additional investigation, Smith was charged with multiple counts of sexual abuse in the second degree.

Prior to trial, Smith filed a motion to offer evidence under Iowa Rule of Evidence 5.412. He asked for leave to introduce evidence that H.R. also accused his son of sexual abuse and there were criminal proceedings pending against his

son. He reasoned this would go to H.R.'s credibility and whether she confused her alleged abusers. The court denied his motion, and the matter proceeded to trial.

During voir dire, some potential jurors expressed opinions that defendants should testify or provide evidence of their innocence. Defense counsel moved to strike for cause four potential jurors expressing these opinions. The court denied counsel's motions. The State and defense used two preemptory strikes each to eliminate the four potential jurors.

The jury found Smith guilty as charged. On appeal, Smith argues he should have been allowed to present evidence H.R. confused him with his son, whom she had also accused of abusing her. He also claims trial counsel was ineffective in voir dire.

## II. Scope and Standards of Review

"The district court's rulings on the admissibility of evidence, including admissibility under rule 5.412, are reviewed for abuse of discretion. To the extent [Smith] asserts constitutional claims, our review is de novo." *State v. Hartman*, No. 14-0727, 2015 WL 4642276, at *4 (Iowa Ct. App. Aug. 5, 2015) (citations omitted).

"Ineffective-assistance-of-counsel claims are based in the Sixth Amendment of the United States Constitution and article I, section 10 of the Iowa Constitution. We normally preserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings. But, 'we review ineffective-assistance-of-counsel claims de novo.'" *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019) (citations omitted).

### III. Discussion

Smith argues the district court should have permitted him to introduce evidence that H.R. also accused his son of sexual abuse and his son was also criminally charged. He argues "evidence of other allegations of abuse could have been used to show that H.R. was not necessarily lying, but had misremembered or had confused memories." Smith contends this was his defense, and he was prevented from presenting it. And he laments that, during his testimony, "the prosecutor [asked] why H.R. would make the allegations, and he could not answer that question because of the court's ruling." In short, Smith wanted to admit *someone* sexually abused H.R.—but then argue H.R. couldn't accurately identify her abuser due to her young age.

Evidence of past sexual abuse is governed by Iowa Rule of Evidence 5.412. *State v. Jones*, 490 N.W.2d 787, 790 (Iowa 1992), *overruled on other grounds by State v. Plain*, 898 N.W.2d 801, 826 (Iowa 2017). It generally "prohibits introduction of reputation or opinion evidence of a complaining witness's other sexual behavior and substantially limits the admission of evidence of specific instances of a complaining witness's other sexual behavior." *State v. Trane*, 934 N.W.2d 447, 456 (Iowa 2019) (footnote omitted). Its purpose is to "protect the victim's privacy, encourage the reporting and prosecution of sex offenses, and prevent the parties from delving into distractive, irrelevant matters." *State v. Alberts*, 722 N.W.2d 402, 409 (Iowa 2006).

Rule 5.412(b)(1) provides limited exceptions. At issue here is rule 5.412(b)(1)(c), which permits the admission of "[e]vidence whose exclusion would violate the defendant's constitutional rights." According to Smith, his constitutional

rights were violated because he was denied his right to present a defense. *See, e.g.*, *State v. Clark*, 814 N.W.2d 551, 561 (Iowa 2012).

"However, even relevant evidence is not constitutionally required to be admitted if the prejudicial effect outweighs the probative value." *Thompson v. State*, 492 N.W.2d 410, 414 (Iowa 1992). Even when evidence of a victim's past sexual conduct fits an exception under rule 5.412(b)(1), "the evidence still would not be admissible if its probative value did not outweigh the danger of substantial prejudice, confusion of the issues, and misleading the jury." See *id.* at 415.

The present case is comparable to *State v. Walker*, 935 N.W.2d 874, 877 (Iowa 2019). In *Walker*, the defendant wanted to introduce evidence the complaining witness was actually abused by her brother instead of him. 935 N.W.2d at 877. The district court considered the proffered evidence unduly prejudicial and excluded under rule 5.412. *Id.* at 878. The supreme court affirmed on multiple bases. *See id.* at 877–78. Among those, the court determined evidence of past alleged sexual abuse by the complaining witness's sibling "was, at best, only marginally relevant" and "would have merely confused the issues, misled the jury, and created multiple trials within the trial" and properly excluded by rule 5.403. *Id.* at 878.

For similar reasons, we find that Smith's proposed evidence would have confused and misled the jury. *See State v. Edouard*, 854 N.W.2d 421, 449 (Iowa 2014) (noting the balancing test for admission of evidence under 5.412(b) is "identical to that contained in rule 5.403"), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016). It also would have required the jury to first determine if Smith's son had sexually abused H.R.—creating a trial

within a trial—before considering if H.R. accidentally attributed sexual abuse committed by Smith's son to Smith.

Moreover, Smith's proposed evidence was also of minimal probative value. As the State correctly points out, Smith's offer of proof did not include proposed expert testimony regarding children's tendency to confuse known individuals with each other. Put differently, he provided nothing to substantiate his claim that young children have a tendency to confuse the identities of their known abusers.

In short, even assuming the absence of Smith's proposed evidence had an impact on his defense, it was properly excluded. *See Thompson*, 492 N.W.2d at 414–15.

Next Smith argues his trial counsel was ineffective for failing to request additional preemptory strikes following the court's refusal to strike four jurors for cause. *See State v. Jonas*, 904 N.W.2d 566, 583 (Iowa 2017).[1]

To succeed on an ineffective-assistance claim, Smith must prove by a preponderance of the evidence that counsel failed to perform an essential duty and *Strickland* prejudice[2] resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). The first prong of the ineffective-assistance test requires Smith show

---

[1] We recognize Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment "do[es] not apply" to this case, which was pending on July 1, 2019. *Id.*

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), provided that prejudice occurs when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

"counsel's representation fell below an objective standard of reasonableness." *State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017) (citation omitted). We consider whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 184 (citation omitted). We understand counsel may have good reasons for proceeding through trial in a specific manner. *State v. Coleman*, 907 N.W.2d 124, 142 (Iowa 2018). Those reasons are not always apparent on direct appeal. *See id.* So it is often best to provide counsel an opportunity to explain. *See id.* We follow this approach here. We preserve Smith's claim for a future postconviction-relief action in which counsel can respond to Smith's claim, and in which Smith can attempt to show *Strickland* prejudice. *See id.*[3]

### IV. Conclusion

The district court did not err in excluding evidence that Smith's son also sexually abused H.R. We preserve Smith's ineffective-assistance claim for future postconviction-relief proceedings.

**AFFIRMED.**

---

[3] In his reply brief, Smith makes a passing claim that "plain error review should be applied" in his section heading. Smith did not make this claim in his original brief, so we cannot consider it. *See State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011). Even if we could, we are powerless to adopt the plain-error doctrine because our supreme court had repeatedly declined to adopt it. *See, e.g., State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)).