# IN THE COURT OF APPEALS OF IOWA

No. 21-1730
Filed November 2, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKY DWAYNE NEBINGER, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Tamra Roberts,
Judge.


        A defendant appeals his conviction for operating a motor vehicle without
owner's consent following his written guilty plea.  **APPEAL DISMISSED.**


        Audra F. Saunders of Anderson & Taylor, P.L.L.C., Des Moines, for
appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.


        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Ricky Nebinger Jr. appeals his conviction for operating a motor vehicle without owner's consent following his written guilty plea. Because Nebinger appeals after pleading guilty, he must establish good cause to appeal.[1] *See* Iowa Code § 814.6(1)(a)(3). "Good cause" is defined "broadly." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). "'[G]ood cause' in section 814.6 means a 'legally sufficient reason'" and "is context specific." *Id.* (citations omitted). "By definition, a legally sufficient reason is a reason that would allow a court to provide some relief." *Treptow*, 960 N.W.2d at 109.

Nebinger raises two claims.[2] First, he contends the district court did not make a verbatim record of the plea proceedings. *See* Iowa R. Crim. P. 2.8(3) ("A verbatim record of the proceedings at which the defendant enters a plea shall be made."). Second, he claims there is not a factual basis for his guilty plea.

Both claims are challenges to the adequacy of the plea proceedings. Challenges to the adequacy of plea proceedings must be raised by filing a motion

---

[1] Nebinger claims Iowa Code section 814.6(1)(a)(3) (2021) violates the state and federal constitutional rights to due process and equal protection and the separation-of-powers doctrine. Our appellate courts have already disposed of these challenges. *State v. Treptow*, 960 N.W.2d 98, 104–08 (Iowa 2021) (finding section 814.6(1)(a)(3) does not violate equal protection or the separation-of-powers doctrine); *State v. Crews*, No. 19-1404, 2021 WL 3661222, at *1–2 (Iowa Ct. App. Aug. 18, 2021) (finding section 814.6(1)(a)(3) does not violate due process).

[2] Nebinger also claims he received ineffective assistance of counsel. However, we are statutorily barred from addressing his ineffective-assistance claim on direct appeal. Iowa Code § 814.7. Nebinger challenges the constitutionality of Iowa Code section 814.7. He claims section 814.7 violates his right to due process, his right to equal protection, and the separation-of-powers doctrine under the state and federal constitutions. Our supreme court has already rejected these arguments. *Treptow*, 960 N.W.2d at 103–08. As a result, we cannot address Nebinger's ineffective-assistance-of-counsel claim.

in arrest of judgment. Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *Treptow*, 960 N.W.2d at 109 (finding no good cause to challenge the factual basis for a plea on direct appeal when the defendant does not file a motion in arrest of judgment); *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (finding no good cause to challenge a plea based on a claim that the plea was not intelligently and voluntarily made when the defendant does not file a motion in arrest of judgment). Nebinger did not file a motion in arrest of judgment challenging either of the claimed deficiencies. In fact, in his written guilty plea, he affirmatively waived his right to file a motion in arrest of judgment. Without the filing of a motion in arrest of judgment, we cannot provide relief on direct appeal on either issue Nebinger raises, so Nebinger has failed to establish good cause to appeal following his guilty plea. *Treptow*, 960 N.W.2d at 109; *Tucker*, 959 N.W.2d at 153.

We recognize that there is an exception to the requirement that a defendant file a motion in arrest of judgment to challenge the plea proceedings, and that is when the defendant has not been properly advised of the necessity to file such a motion and the consequences of not doing so. *Tucker*, 959 N.W.2d at 153.[3] The advisory can be imparted through a colloquy or a written guilty plea. *State v. Damme*, 944 N.W.2d 98, 108 (Iowa 2020). As the plea here was done in writing,

---

[3] There used to be a second exception for situations in which the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *Tucker*, 959 N.W.2d at 153–54. However, with the enactment of Iowa Code section 814.7, which prohibits bringing ineffective-assistance-of-counsel claims on direct appeal, the second exception no longer applies. *Id.*

the written guilty plea is the place to look for the advisory, as there was no colloquy. In his initial brief, Nebinger did not raise an issue over the sufficiency of the advisory in his guilty plea. Even though Nebinger did not raise the issue, for reasons unknown, the State's brief attempts to concede that the advisory was deficient. Nebinger attempts to coattail that concession in his reply brief.

We decline to find the exception applicable here. First, by not raising the issue in his initial brief, Nebinger has failed to preserve it for our review. *See State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011) ("Because Olsen failed to raise this issue in his original brief, the issue is not preserved for our review."). Nebinger referring to the issue in his reply brief does not cure his failure to preserve the issue because an issue cannot be asserted for the first time in a reply brief. *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992). The State's volunteered concession of an issue not raised does not change this outcome.

Second, setting aside any concerns over error preservation,[4] we are not convinced the advisory was deficient. Nebinger's guilty plea contained the following acknowledgment of his rights and obligations:

> I understand that if I wish to challenge this guilty plea, I must do so by filing a Motion in Arrest of Judgment at least five (5) days prior to the Court imposing sentence. If I do not file the Motion in Arrest of Judgment within five (5) days prior to sentencing, I will give up my right to challenge the guilty plea.

---

[4] There is support for bypassing the error-preservation concern in this context. *See State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (acknowledging the defendant "should have discussed section 814.6(1)(a)(3)" in his brief "to show he met the good-cause requirement," but still finding good cause when the issue raised is one for which good cause has been found to exist); *Treptow*, 960 N.W.2d at 109 (discussing the exceptions as part of the good-cause analysis).

This recitation of the right to file a motion in arrest of judgment and the consequences for not doing so does not state the terms of the rule requiring the advisory verbatim. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenge to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."). However, only substantial compliance with the rule is required. *Damme*, 944 N.W.2d at 108. In *Damme*, our supreme court found the following recitation in the defendant's guilty plea sufficient to satisfy the requirements of rules 2.24(3)(a) and 2.8(2)(d):

> I understand that if I wish to attack the validity of the procedures involved in the taking of my guilty plea, I must do so by a Motion in Arrest of Judgment filed with this Court. I understand that such motion must be made not later than forty-five days after my plea of guilty, but in any case not later than five days before the date set for sentencing.

*Damme*, 944 N.W.2d at 108. The advisory here is functionally equivalent to that found sufficient in *Damme*, so we find it substantially complies with the requirements of rules 2.8(2)(d) and 2.24(3)(a).[5] Therefore, the exception to the requirement that Nebinger file a motion in arrest of judgment in order to challenge

---

[5] We note that the advisory contained in Nebinger's guilty plea does not mention an appeal, but neither did the advisory found sufficient in *Damme*. We also note that Nebinger's advisory contained a deficiency not contained in *Damme* in that Nebinger's failed to mention the alternative forty-five-day deadline. Nevertheless, we still find the advisory sufficient, as Nebinger waived time between plea and sentencing and was sentenced so soon after his guilty plea as a result that the applicable deadline would have been the five-day deadline mentioned in the advisory rather than the alternative forty-five-day deadline provided for in rule 2.24(3)(b).

the plea procedures does not apply, and Nebinger has failed to establish good cause to appeal.

As a final effort to seek to invoke our court's jurisdiction, Nebinger asks us to treat his appeal as an application for discretionary review under Iowa Code section 814.6(2)(e), which permits us to grant discretionary review when an applicant seeks review of "[a]n order raising a question of law important to the judiciary and the profession." We conclude the order adjudicating Nebinger guilty of operating a motor vehicle without owner's consent following his written guilty plea wherein he admitted he "operated a motor vehicle [and] [a]t the time [he] operated the motor vehicle, [he] did not have permission from the owner to use it" does not "rais[e] a question of law important to the judiciary and the profession." *See* Iowa Code § 814.6(2)(e). So, treating his appeal as an application for discretionary review, we deny his application.

As Nebinger has not shown good cause to appeal following his guilty plea, we lack jurisdiction to hear his appeal and must dismiss it. *See Tucker*, 959 N.W.2d at 154.

**APPEAL DISMISSED.**